EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* HON. VÍCTOR OPIO OPIO, JUEZ DE DISTRITO, demandado; MIGUEL BÁEZ OTERO, c/p BÁEZ, HECTOR RIVERA RIVERA c/p GORDITO, interventores y recurrentes.

*Número:* O-75-55          *Resuelto:* 25 de septiembre de 1975

*Federico Torres Jiménez,* abogado de los interventores y recurrentes; *Miriam Naveira de Rodón, Procuradora General,* y *Ana Belén Frías, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El 31 de enero de 1973 se les imputó a los apelantes haber transportado, poseído y distribuido cocaína y heroína en septiembre y noviembre del año anterior. Por un año los acusados acudieron a la vista preliminar, que siempre se suspendió sin más justificación que el escueto anuncio del Fiscal de no hallarse preparado. El Juez de Distrito ordenó en consecuencia el archivo de los cargos en orden a lo dispuesto en la Regla 64 (n) de las de Procedimiento Criminal.

En febrero de 1974 se radicaron nuevas denuncias por el Ministerio Público y se solicitó la correspondiente determinación de causa probable. El 20 de junio de 1974, ante la inactividad fiscal, se archivaron de nuevo los cargos por otro magistrado del Tribunal de Distrito, pero esta vez en

orden a lo dispuesto en la Regla 247(b) (¹). Expresó el magistrado en su Resolución que "A pesar del largo historial de señalamientos de estos casos incluyendo las anteriores radicaciones no se han podido ventilar estos asuntos al nivel de vista preliminar. Siempre se envía al Tribunal una excusa de que los agentes envueltos están en otros Tribunales u otras diligencias. . . ."

No conforme con esta Resolución, el Ministerio Público solicitó la expedición de un auto de *mandamus* ante el Tribunal Superior. Se expidió el auto y se le ordenó al magistrado sentenciador que procediera a celebrar la correspondiente vista preliminar en los casos de referencia. Se alega en *certiorari*, ante nos que el Tribunal Superior erró al validar la utilización del recurso de *mandamus* en este caso y al dictaminar que un magistrado carece de facultad para decretar en la etapa de vista preliminar el sobreseimiento de una denuncia bajo la Regla 247(b).

■ El auto de *mandamus* puede invocarse para obligar a un juez a pronunciarse sobre la existencia o inexistencia en los méritos de causa probable para acusar. *Pueblo* v. *Tribunal de Distrito*, 97 D.P.R. 241, 246 (1969); *Pueblo* v. *Tribunal Superior*, 96 D.P.R. 237 (1968). No se cometió el primer error.

Respecto al segundo señalamiento, el texto vigente de nuestras Reglas de Procedimiento Criminal sobre la vista preliminar difiere considerablemente del estado actual de la legislación en que se inspiraron. Para salvaguardar más adecuadamente el derecho a un juicio rápido, tanto en California como en la jurisdicción federal, se especifican términos dentro

---

(¹) La Regla 247(b) de las de Procedimiento Criminal dispone:

"El tribunal, a instancia propia, o a petición del fiscal o en pro de la justicia, podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso."

Se recordará que un sobreseimiento decretado de acuerdo con esta regla impide un nuevo proceso sobre los mismos hechos. Regla 247(d).

de los cuales debe celebrarse dicha vista. En California la vista preliminar debe celebrarse dentro de los cinco días de haberse conducido ante un magistrado a una persona después de su arresto, Cal. Penal Code, sec. 860 (West 1970), y completarse los procedimientos en una sola sesión, a menos que medie justa causa. Las posposiciones no pueden exceder de seis días, excepto cuando el acusado consienta a ellos. *Ibid.*, sec. 861. La legislación federal requiere la celebración de la vista preliminar no más tarde de diez días después de la primera comparecencia, si es que el acusado se encuentra bajo custodia, o dentro de los veinte días si se encuentra libre. 18 U.S.C.A. 3060(b) (²). Para recomendaciones comparables en este sentido, véanse: *The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts 85 (1967)*; *The American Law Institute, A Model Code of Pre-Arraignment Procedure*, Proposed Official Draft, April 15, 1975, sec. 330.2.

Bajo la ley federal, la violación de los referidos términos tan sólo permite usualmente la desestimación sin perjuicio de los cargos, 1 Wright and Miller, *Federal Practice and Procedure (Criminal)*, 1969, pág. 145, aunque puede provocar, por razón de lo resuelto en *Mallory* v. *United States*, 354 U.S. 449 (1957) la exclusión de evidencia de confesión obtenida durante el período de dilación no autorizado. *United States* v. *Broadhead*, 413 F.2d 1351 (7th Cir. 1969), *cert. den.* 396 U.S. 1017; 1 Wright and Miller, *op. cit.*, sec. 75. Debe recordarse, no obstante, que la inercia del Estado se penaliza con la desestimación no sólo bajo las disposiciones expresas de la Regla 48(b) federal, sino independientemente bajo la Sexta Enmienda a la Constitución de los Estados Unidos, que con-

---

(²) En Puerto Rico es factible regular el término. Un informe especial de la Administración de los Tribunales (19 de agosto de 1975) revela que en las salas de San Juan, Río Piedras y Caguas el tiempo transcurrido entre primera determinación de causa y resolución de vista preliminar es de 34, 23 y 26 días respectivamente.

sagra el derecho a un juicio rápido. 3 Wright and Miller, *op. cit.*, sec. 814.

· En California se ha sugerido que la violación de los términos estatutarios podría constituir un impedimento de índole jurisdiccional. Graham and Letwin, *The Preliminary Hearing in Los Angeles: Some Field Findings and Legal-Policy Observations*, 18 U.C.L.A. L. Rev. 916, 940 (1971).

■ Nuestro ordenamiento jurídico sobre la vista preliminar es de cosecha más antigua en su fase legislativa y reglamentaria. No dispone plazos para su celebración. La Constitución del Estado Libre Asociado garantiza, no obstante, tanto el derecho a un juicio rápido como al debido proceso de ley. Art. II, Secs. 11 y 7. Véanse: *Plard Fagundo* v. *Tribunal Superior*, 101 D.P.R. 444 (1973); *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974). Esos derechos fundamentales del acusado en nada pueden disminuirse porque no se haya aprobado ley que los implemente. La Constitución tiene su propio y supremo vigor que rebasa la ausencia de legislación habilitadora.

Según expresamos en *Arcelay Galán*, "existe un vigoroso interés social en evitar la demora en los casos criminales" y es rol prominente del Estado "velar por que este derecho se cumpla con la máxima escrupulosidad posible."

■ El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito. De otro modo ese derecho podría ser burlado prolongando sin justificación los trámites precedentes al juicio como ha ocurrido en este caso. En términos del derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante que genera una acusación injusta, no hay diferencia apreciable entre la demora en someter la acusación al crisol depurante de la vista preliminar y la tardanza en celebrar el juicio para la decisión final sobre culpabilidad o inocencia. El derecho a juicio rápido, fundamental

en nuestro procedimiento criminal, quedaría gravemente afectado en su virtualidad y esencia si el Estado pudiera prolongar por término irrazonable la celebración de la vista preliminar. La Regla 247(b) de Procedimiento Criminal, que faculta al tribunal a sobreseer la causa a instancia propia, es adecuado vehículo para proteger al acusado de la excesiva tardanza en la celebración de la vista preliminar.

■ En armonía con los desarrollos en este vital campo consideramos adecuado un término de sesenta días para celebrar la misma, contados desde el arresto del acusado o su citación para responder del delito imputado. Coincide con el término máximo provisto en la Regla 64(n)(2) de Procedimiento Criminal para presentar acusación o denuncia contra el acusado, (³) y sólo podrá extenderse por justa causa, o por demora imputable al acusado o consentida por éste. A los fines de una ordenada transición del anterior estado de derecho al ahora declarado, la nueva norma, que está dirigida a impartir eficacia a una garantía constitucional y que en nada afecta la integridad del proceso depurador de los hechos en juicio, tendrá sólo aplicación prospectiva. *United States* v. *Peltier*, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975).

La objeción del Estado al efecto de que resolver como aquí resolvemos le privaría del derecho a presentar el caso nuevamente para determinación de causa probable por un juez del

---

(³) La Regla 64 de Procedimiento Criminal dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

. . . . . . . .

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta días de su arresto o citación."

Tribunal Superior no es atendible. Para preservar ese derecho el fiscal deberá actuar con la debida diligencia.

El Ministerio Público también insiste en que el juez instructor de causa actúa en la vista preliminar como individuo y no como tribunal. Su posición, fundada en *Pueblo* v. *Tribunal Superior*, 95 D.P.R. 412 (1967), no es sostenible. Dicha decisión queda por la presente revocada. "Al hacer su determinación el magistrado se encuentra entre las partes no como interesado, sino como juez. En su objetivo y función, dicha vista es *judicial*. Así debe ser la esencia de su procedimiento." Wright & Miller, *Federal Practice & Procedure*, Tomo 1, pág. 141, ed. 1969. Su determinación no es revisable por *certiorari*, no porque deje de ser juez sino por la naturaleza peculiar de su decisión dentro de un procedimiento especialmente regulado, con una finalidad esencial al ordenado y rápido curso del procedimiento criminal.

*Se sostendrá la resolución de archivo del juez de distrito. La resolución recurrida será revocada.*