José R. Márquez Quiñones, peticionario y apelante, *v.* Tribunal de Distrito, Hon. Víctor Sotomayor Clavell, Juez, demandado y apelado.

Número: O-76-255        Resuelto: 20 de septiembre de 1976

*Faustino R. Aponte, Arturo Aponte Parés, Faustino Aponte Parés* y *Otto Riefkhol Villodas,* abogados del apelante; los abogados del apelado no comparecieron.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Determinada causa probable en seis cargos[1] por infracción a la Ley de Sustancias Controladas contra el recurrente, se expidió orden de arresto que fue diligenciada el 29 de marzo de 1974. Al ser intervenido el acusado dio como su dirección residencial correcta: Edificio 7, Apt. 129, Caserío Padre Rivera, Humacao, la cual aparece en todos los documentos relevantes en autos. El Tribunal de Distrito (Humacao) expidió la primera citación para vista preliminar a celebrarse el 17 de junio de 1974, a la que no compareció el acusado quien se hallaba bajo fianza. Se hicieron nuevos señalamientos de dicha vista para el 15 de julio y 26 de agosto de 1974 y como no compareciera el acusado, se le declaró "prófugo de la justicia" el 7 de octubre de 1974, resolución que fue dejada sin efecto siete días después al descubrirse que no se había citado al acusado para ninguna de las fechas en que había estado señalada la vista preliminar, haciéndose un cuarto señalamiento para el 4 de noviembre de 1974, que se ha detenido pendiente de la decisión sobre la moción de

---

[1] Cargos de transportación u ocultación; posesión y distribución de 3 cigarrillos de marihuana el 15 de noviembre de 1973 e iguales cargos relacionados con 13 cigarrillos de marihuana en una caja de "Marlboro" el 23 de noviembre de 1973.

desestimación de los "pliegos acusatorios" presentada por el acusado el 14 de octubre de 1974. Funda su solicitud en vulneración de su derecho a juicio rápido consistente en que desde noviembre de 1973, fecha de la alegada comisión del delito imputado, hasta el 4 de noviembre de 1974 fecha de la única vista preliminar para la cual se ha citado al acusado, habría transcurrido un año sin celebrarse la referida vista, tardanza que lo ha colocado en situación de indefensión. El juez de distrito declaró sin lugar esta moción cuyas alegaciones imprecisas y confusas no están comprendidas en ninguno de los fundamentos de desestimación de la acusación o denuncia enumerados con exclusividad en la Regla 64 de Procedimiento Criminal. Recurrió el acusado en *certiorari* al Tribunal Superior alegando en su petición que se había anulado su derecho constitucional a un juicio rápido. Expedido el auto, El Pueblo se opuso basando su posición en que los alguaciles del Tribunal de Distrito habían hecho las gestiones necesarias para citar al acusado en las distintas ocasiones en que estuvo señalada la vista preliminar, sin que pudieran localizarlo en la dirección por él suministrada de Edificio 7, Apto. 129, Caserío Padre Rivera, Humacao. En la vista del *certiorari* ante el Superior, el testimonio oral del Juez de Distrito Sr. Sotomayor Clavell, sostenido por las constancias en autos, demostró que el acusado se había trasladado a Caguas, (²) razón por la cual no se le pudo citar en la direc-

---

(²) El testimonio del juez destruyó la aseveración del acusado en la vista del *certiorari* al efecto de que "residía" en el Caserío Padre Rivera en Humacao. Veamos la declaración del juez que intervino en los trámites de vista preliminar:

"P. ¿El acusado habló con usted . . . el día que usted deja sin efecto la orden de prófugo de la justicia, le manifestó que estaba esperando la citación pero que él creía que su caso era en Caguas?

"R. Así es.

"P. ¿Pero le dijo que en su casita en el Padre Rivera estaba su hermana y su madre allí?

"R. No recuerdo qué parientes, pero parientes. (T.E. pág. 20.)

ción de Humacao por él informada. La ausencia admitida por el acusado recurrente de su domicilio de Humacao es justa causa para que no se celebrara la vista preliminar. Y ha complementado la justa causa para demora hasta hoy el recurso de certiorari de su defensor quien conocía las admisiones hechas por el acusado ante el juez de distrito al efecto de que se hallaba residiendo en Caguas, y no en Humacao. Denegado el certiorari por el Tribunal Superior, concedimos

"SR. FISCAL:

"P—¿ Mire a ver si ahí aparece alguna notificación del acusado indicando algún cambio de residencia?

"EL TESTIGO:

"R—No aparece.

"SR. FISCAL:

"Nada más.

"LCDO. APONTE PARES:

"¿ Me permite Vuestro Honor?

"HON. JUEZ:

"Sí. Adelante.

"LCDO. APONTE PARES:

"P—¿ Ud. recuerda si el acusado le dijo a usted que él se había mudado y que estaba esperando citación de Caguas?

"EL TESTIGO:

"R—Que estaba en Caguas esperando que lo citaran de Caguas.

"LCDO. APONTE PARES:

"P—En esa conversación que usted sostuvo con el acusado usted se acuerda si el Lcdo. Faustino Aponte Parés estaba presente?

"EL TESTIGO:

"R—Sí, estaba presente; él compareció con el acusado José R. Márquez Quiñones.

"LCDO. APONTE PARES:

"P—¿ Ud. no recuerda si él le dijo que él se había mudado para Caguas y que estaba esperando?" (T.E. págs. 22–23.)

.  .  .  .  .  .  .  .

"HON. JUEZ:

"¿ En algún momento el acusado le alegó a usted cuando compareció a su presencia de que él personalmente había estado viviendo él personalmente en la dirección que él ofreció, o él lo único que le dijo fue que vivía allí una persona que lo podía citar por medio de ella?

"EL TESTIGO:

"Sí, que un pariente cercano vivía ahí." (T.E. pág. 25.)

.

al escrito de apelación el crédito que para toda alegación suscrita por un abogado reclama la Regla 9 de Procedimiento Civil y animados adicionalmente por la invocación de un derecho constitucional, ocupamos nuestro tiempo en revisar estos procedimientos. A pesar de que la defensa certifica haber notificado su alegato el 8 de julio de 1976 al Procurador General, no hay informe alguno de éste en el expediente. Quizás pudo aliviar la tarea el juez superior si al menos hubiese consignado las determinaciones de hecho en que fundó su denegatoria de *certiorari*.

■ El acusado trasladó su residencia de Humacao a Caguas y nada informó sobre el particular hasta que compareció voluntariamente a pedir que se dejara sin efecto la declaración de prófugo de la justicia. En protección de su derecho a juicio rápido, en todas las etapas del procedimiento, el acusado viene obligado a informar al tribunal su cambio de domicilio, para que puedan cumplimentarse en tiempo las citaciones a él dirigidas. Si se ausenta de la dirección residencial por él informada, sin notificar el cambio de dirección, su conducta no es menos que una renuncia a los términos que en la Regla 64 de Procedimiento Criminal implementan la garantía constitucional de un juicio rápido.

*Se devolverá el caso a instancia para celebración de la vista preliminar. Confirmada.*