EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CRISTÓBAL COLÓN COLÓN, acusado y apelante.

*Número:* CR-76-177      *Resuelto:* 31 de marzo de 1977

---

*Carmen Ana Rodríguez Maldonado,* abogada del acusado; *Justo Gorbea Varona, Procurador General Interino,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El Tribunal Superior celebró un juicio en ausencia del acusado quien había desaparecido después del acto de lectura de la acusación en que alegó ser inocente de los delitos impu-

tados de hurto mayor e infracción del Art. 4, Ley de Armas. A pesar de enérgica oposición de la defensa fundada en hallarse limitada en sus medios por la ausencia de su cliente, de motivación desconocida, se insaculó un jurado que estimó la prueba y produjo un veredicto de culpabilidad en ambos cargos y el juez halló incurso al ausente en desacato. Pero el procedimiento no terminó en veredicto y fallo como para el caso taxativamente instruye la Regla 243 de Procedimiento Criminal. Rebasando el debido proceso al acusado ausente le fue negada la única vista para él preservada por la propia Regla, la de lectura de sentencia, que se dictó por el magistrado imponiéndole de 2 a 4 años en el caso de hurto, 6 meses en el de armas y 10 días por desacato.

La Regla 243, según enmendada por Ley Núm. 138, de 23 de julio de 1974, dispone:

"(a) *Delitos graves.* En todo proceso por delito grave (*felony*) el acusado deberá estar presente en el acto de la lectura de la acusación y en todas las etapas del juicio, incluyendo la constitución del jurado y la rendición del veredicto o fallo, y en el pronunciamiento de la sentencia; excepto, que si habiendo el acusado comparecido al acto de la lectura de la acusación y citado para juicio no compareciere, el tribunal luego de investigadas las causas, podrá celebrar el mismo en su ausencia hasta que recayere fallo o veredicto. Si en cualquier etapa durante el juicio el acusado no regresare a sala para la continuación del mismo, el tribunal luego de investigadas las causas, podrá dictar mandamiento ordenando su arresto, pero en todo caso la ausencia voluntaria del acusado no impedirá que el juicio continúe hasta que se rinda el veredicto o el fallo del juez en casos vistos sin jurado.

(b) *Delitos menos graves.* En procesos por delitos menos graves (*misdemeanors*), siempre que el acusado estuviere representado por abogado, el tribunal podrá proceder a la lectura de la denuncia o acusación, al juicio, al fallo y al pronunciamiento de la sentencia, y podrá recibir una alegación de culpabilidad en ausencia del acusado. Si la presencia del acusado fuere necesaria, el tribunal podrá dictar mandamiento ordenando su asistencia personal. El tribunal podrá proceder en casos de delitos menos

graves según dispuesto en la excepción del inciso (a) cuando las circunstancias fueren las allí contempladas."

La enmienda de 1974 dejó intacta, al ajustar su texto a la exigencia constitucional del debido proceso, la prevención de que el juicio *in absentia* por delito grave se detendrá en "el veredicto o el fallo del juez en casos vistos sin jurado", tal como disponía la Regla antes de la enmienda. Si la exigencia de debido proceso como máxima garantía de libertad, satura y dirige el juicio cuando el acusado está presente, con mayor razón debe respetarse el debido proceso provisto por las Reglas para el que se halla ausente sin explicación. No fue acción inconsulta la que impuso esta limitación en la Regla 243. Nótese su presencia en el texto original de 1963, en su fuente la Regla 43 Federal y en la enmienda de 1974 auspiciada por la Reforma Judicial. Contrástese con el orden del juicio provisto por su apartado (b) para delitos menos graves en que la privación de libertad resultante de una convicción puede ser mínima o ninguna si la sentencia es de multa. Para *misdemeanor*, sí autoriza la Regla que se llegue "al pronunciamiento de la sentencia" y hasta permite una declaración de culpabilidad en ausencia del acusado, datos irrecusables que destacan la diferencia fundamental de procedimiento entre casos por delito grave y los menos grave. ([1])

No puede invocarse el "ordenamiento procesal moderno" para anular derechos fundamentales del hombre y para revocar nuestro dictamen en *Estremera* v. *Jones*, ([2]) 74

---

([1]) En una decisión limitada a casos por delitos menos graves, cuando no existía el procedimiento cuidadosamente delineado en la Regla 243, sostuvimos que la incomparecencia voluntaria del acusado equivale a renuncia del derecho a estar presente durante el acto de sentencia. *Pueblo* v. *Ortiz*, 57 D.P.R. 469 (1940).

([2]) En *Estremera,* supra, aplicando el mandato terminante del Art. 311 del antiguo Código de Enjuiciamiento Criminal de que cuando se dicte sentencia si la convicción es por *felony* (delito muy grave), el acusado debe hallarse presente personalmente, conservado en la primera oración de la actual Regla 243, dijimos: "Es indudable que una sentencia en de-

D.P.R. 202, 205 (1952), si el derecho a ser oído en la etapa final del juicio ha sido garantizado por el reformado texto de la Regla 243(a) y en estricta concordancia con el Art. II, Sec. 7 de la Constitución: ninguna persona será privada de su libertad sin debido proceso de ley. Ese debido proceso consta definido y prescrito en la Regla que instruye no demorar el juicio si el acusado está ausente, pero que también restringe y limita los procedimientos a la obtención de un veredicto o fallo. Contra una reserva tan clara de derecho a ser oído por lo menos en la etapa final de su juicio, el acto de lectura de sentencia donde puede explicar su ausencia y aducir variadas defensas que inclinarían el tribunal a anular el juicio *in absentia*, no podemos percibir propósito legislativo de facultar implícitamente a los tribunales para dictar sentencia, y asirnos de la implicación y lo supuesto para ampliar una excepción,([3]) contra lo que está escrito con claridad cortante en la Regla y en la Constitución.

Y aunque el rigor con que está resguardado el derecho del acusado ausente durante el juicio a ser oído en el acto de lectura de sentencia, no cede a conveniencias administrativas de calendarios, ningún obstáculo representa detener la sentencia hasta oír al acusado. Celebrado el juicio con arreglo a derecho, escuchados los testigos y rendido el veredicto o fallo, ya está concluida la labor judicial y el testimonio oral perpetuado. ¿Qué se obtiene con pronunciar una sentencia contra

litos graves no puede dictarse válidamente en ausencia del acusado." *Ibid*, pág. 205.

En el caso de *Taylor* v. *United States*, 414 U.S. 17 (1973), el procedimiento en ausencia se detuvo justo en el veredicto del jurado y se pospuso el pronunciamiento de sentencia hasta que se arrestó y se trajo al convicto a presencia del tribunal. Así se interpretó la Regla 43 Federal (fuente de nuestra RPC 243) que en lo pertinente dice: "In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent *continuing the trial to and including the return of the verdict.*" Taylor, por tanto, ratifica el criterio de *Estremera* v. *Jones*, supra.

([3]) Con el inconfundible vocablo "excepto" se inicia el texto de la enmienda introducida en 1974.

un fantasma, contra alguien que no se sabe si vivirá para cumplirla y contra quien de ser oído podría impedir con razones que la misma se dictara? ¿Será cuestión de llenar un encasillado de estadística? Aparte del clarísimo mandato legislado que exige la presencia del acusado en dicho acto, ¿no guarda más armonía con la dignidad y respetabilidad de nuestro sistema de enjuiciamiento oír al acusado siquiera en el acto final de su juicio, honrar el debido proceso, mínimo y residual si se quiere, pero con toda la potencialidad de una barricada final de libertad?

Para el acusado que es convicto en ausencia la lectura de sentencia no es función ceremonial ni rito. Si la Regla no dispusiera la necesidad de su presencia en ese momento, pasado un juicio en que se le tuvo por renunciado a todas las garantías y salvaguardas ordenadas en el Art. II, Sec. 11 de la Constitución, la Regla estaría gravemente viciada de endeblez constitucional. *Cf. Pueblo* v. *Aquino,* 33 D.P.R. 255 (1924); *Pueblo* v. *Marrero Méndez,* 95 D.P.R. 605 (1967); *Pueblo* v. *Ortiz Padilla,* 102 D.P.R. 736 (1974). Cuando sin ver ni oír al individuo se tienen sus derechos fundamentales por claudicados, en algún punto el proceso judicial deberá reservarle una audiencia en que pueda quedar satisfecha la conciencia judicial de que la privación de derechos estuvo plenamente justificada. Ese momento final de comprobación es el acto de lectura de sentencia y de ahí que deba detenerse hasta que el acusado esté presente, bien por voluntad propia o traído por orden de arresto. El contenido jurídico vital del momento único reservado a un convicto en ausencia para oírle no es asunto de farsa ni ceremonia.

█ El apelante descansa en *Pueblo* v. *Pedroza Muriel,* 98 D.P.R. 34, 37 (1969), donde se resolvió por este Tribunal que la facultad de la sala de instancia para continuar la vista del caso hasta la rendición de veredicto o fallo en caso de delito grave, surge de la *ausencia voluntaria* del acusado durante el juicio, en su argumento de que en su caso no hubo

previa comprobación de tal voluntariedad y que por tanto todo lo actuado es nulo. La Regla 243 exige que el tribunal antes de proceder con el juicio "investigue" la causa de la ausencia pero tal investigación previa no tiene ni la dimensión ni la formalidad que reclama el apelante. En este caso dicha determinación de presunta voluntariedad en la ausencia quedó cumplida una vez enterado el tribunal de las infructuosas gestiones del alguacil y del fiador por localizar en la jurisdicción al acusado desaparecido.

■ Establecido el hecho de que un acusado debidamente citado y apercibido de las consecuencias de su evasión, desaparece sin explicación de la jurisdicción donde tiene juicio pendiente, su conducta debe tomarse como renuncia voluntaria a las garantías constitucionales provistas para quien se enfrenta en juicio a su acusador. *Cf. State of Illinois* v. *Allen*, 397 U.S. 337 (1970); *Pueblo* v. *Torres Nieves*, 105 D.P.R. 340 (1976); *Márquez Quiñones* v. *Tribunal de Distrito*, 105 D.P.R. 203 (1976).

Quedan subsistentes los procedimientos habidos en instancia hasta el veredicto y fallo. Se dejarán sin efecto las sentencias dictadas. *Revocada.*

El Juez Asociado Señor Negrón García emitió opinión concurrente y disidente en parte.

—O—

Opinión concurrente y disidente del Juez Asociado, Señor Negrón García.

San Juan, Puerto Rico, a 31 de marzo de 1977

Con relación al delito de hurto mayor, concurro en el resultado. Es claro el texto vigente de la Regla 243(a) de Procedimiento Criminal vedando a nuestros tribunales de primera instancia de la facultad de dictar sentencias en casos de delitos graves no obstante haberse ausentado un acusado voluntaria y deliberadamente. Aun cuando las circunstancias

prevalecientes son distintas, en este aspecto nuestro ordenamiento adjetival no ha trascendido la etapa dogmática e histórica que le vio nacer,(¹) ello en contraposición a otras jurisdicciones, que si bien estiman este derecho valioso, lo consideran renunciable cuando se ausenta intencionalmente un acusado que ha sido debidamente apercibido: 3 Wharton, *Criminal Procedure*, Sec. 482, pág. 341 (1975); *Bird* v. *Ricketts*, 213 S.E.2d 610 (1975), *cert.* denegado, 422 U.S. 1011; *People* v. *Rife*, 310 N.E.2d 1030 (1973); *People* v. *Colon*, 322 N.Y.S.2d 907 (1971); *People* v. *Fay*, 246 N.Y.S.2d 399 (1963), *cert.* denegado, 84 S.C.T. 979 (1964); *People* v. *White*, 95 Cal. Rptr. 576 (1971); e *In Re: Jiménez*, 75 Cal. Rptr. 152 (1969).

Estas decisiones se inspiran en el hecho básico e irrefutable de que un acusado libre bajo fianza controla sus movimientos fuera de los tribunales y está en libertad de adoptar el curso de acción que estime más conveniente. Con gran sentido común se sostiene que no debe permitírsele tomar ventaja y violar impunemente el deber de honrar la comparecencia y citación a un tribunal. Este deber es correlativo a las nuevas dimensiones del derecho constitucional a permanecer en libertad bajo fianza. Su abuso derrota los mejores fines de la justicia proyectando una imagen de incertidumbre e impotencia.

No se cuestiona el derecho del acusado a estar presente, sino la vigencia de esa prerrogativa cuando su conducta es claramente indicativa de un rechazo.

A riesgo de exponer unas herejías, una vez advertido ex-

---

(¹) La genealogía relacionada con el derecho de un acusado a estar presente en su juicio se traza al derecho consuetudinario inglés. La práctica estaba fundada en distintas razones tales como las relacionadas con los métodos entonces existentes para determinar la culpabilidad o inocencia—"juicio por fuego o agua" y el "juicio por combate"—; la ausencia de abogado defensor, y otras. Véanse: Cohen, *Trial in Absentia Re-Examined:* 40 Tenn. L. Rev. 155 (1973); Goldin, *Presence of the Defendant at Rendition of the Verdict in Felony Cases;* 16 Colum. L. Rev. 18 (1916); y *People* v. *Epps,* 372 N.Y.S. 606 (1975).

presamente un acusado de tal eventualidad: ¿qué justificación racional existe para que el proceso sea congelado y paralizado en la etapa del pronunciamiento de sentencia? ¿Qué explicación hay para que ante tal ausencia, se acepten como válidamente renunciados distintos e importantes derechos constitucionales, incluyendo el careo con los testigos de cargo y el estar presente durante el veredicto o fallo, y no se llegue a igual conclusión respecto al acto de sentencia? ¿Puede sostenerse que el derecho a la confrontación de testigos consagrado en nuestra constitución es de menos importancia que el estatutario referente al de la lectura de la sentencia?

En torno a nuestra jurisdicción apelativa: ¿Cuándo comenzará a correr el término para presentarse una apelación? Ciertamente es debatible que pueda entablarse una apelación pues: ¿sobre cuál sentencia versaría? Si hubiere que esperar a que el acusado compareciere, el sistema judicial queda expuesto a uno de sus peores males: *la tardanza.* Ante tal situación son anticipables que ocurran los siguientes eventos negativos: (1) que el juez que presidió el proceso, como persona mejor cualificada, esté impedido de pronunciar la sentencia correspondiente por renuncia, muerte u otra incapacidad; (2) que presentada una apelación al cabo del tiempo, por razón de la dilación, diversos factores imposibiliten la transcripción de las notas del proceso o la preparación de una exposición narrativa; y (3) que de decretar el tribunal apelativo un nuevo juicio, el resultado justo y real quede afectado por la pérdida de memoria, indisponibilidad o falta de interés de los testigos atribuible al simple transcurso del tiempo.

El enfoque penal de vanguardia que permite el pronunciamiento de sentencia en casos graves y la continuación de los trámites apelativos posteriores, eliminando o reduciendo la posibilidad de que concurran algunos de los factores negativos antes enumerados—sin perjuicio de que una vez apre-

hendido, el acusado sea acreedor a una vista ante el tribunal correspondiente para que sea informado de los términos de la sentencia y exponga las razones por las cuales deba anularse y no cumplirse—está a tono con las necesidades de la realidad contemporánea puertorriqueña. (²)

Finalmente, el caso de autos ilustra dos de las anomalías de la Regla vigente. La primera, mientras otra persona acusada también por los mismos hechos imputádoles al apelante compareció, afrontó el proceso y se declaró culpable, el apelante lo ha burlado perpetuando una farsa en la administración de la justicia. La Regla deja al capricho de los acusados, beneficiados por el derecho a permanecer en libertad bajo fianza, la decisión de cuándo finalizar los procesos en primera instancia y cuándo comenzarlos en grado apelativo. Y la segunda, hemos incurrido en el error de anular dos sentencias válidas dictadas en los casos menos graves de reclusión de seis (6) meses por infracción al Art. 4 de la Ley de Armas y de diez (10) días por desacato. Asumiendo que corrigiéramos dicho error, ello ilustra como el desdoblamiento contenido en las Reglas nos obliga a dejar inconcluso en primera instancia los casos graves fraccionándolos de los menos graves por ser éstos apelables. (³)

La decisión de hoy corresponde a la expresión e intención literal establecida en las Reglas de Procedimiento Criminal vigentes. Cabe destacar que la limitación estatutaria vigente contradice el principio rector hermenéutico de que las Reglas representan un conjunto orgánico y armónico de preceptos y sobrentendidos contentivos de derechos y deberes tanto del

---

(²) Debe tenerse presente nuestra decisión en *Pueblo* v. *Hernández*, 94 D.P.R. 116 (1967), respecto a que la práctica de alocución prescrita en la Regla 166 de Procedimiento Criminal no es rígida e inflexible, y que su omisión no conlleva automáticamente la nulidad de las sentencias.

(³) Mientras subsista el texto de la Régla no existe remedio para este mal pues es al final del proceso que el mismo se detiene si el acusado opta por desaparecer.

Estado como de los acusados. (⁴) Al negarnos a conciliar en este caso los conflictos expuestos, corresponderá a la Asamblea Legislativa seguir el curso de acción "que permita conjugar los derechos individuales que desmesurados podrían resultar conflictivos entre sí y los derechos de la comunidad en su vida, salud y bienestar." 4 *Diario de Sesiones de la Convención Constituyente,* 2576 (Ed. 1961).

Disiento en cuanto se anulan las sentencias dictadas en los casos menos graves, pues la Regla 243 en su inciso (b) autoriza, "el pronunciamiento de la sentencia" si el acusado estuviere representado por abogado.

---

(⁴) En *Márquez Quiñones* v. *Tribunal de Distrito,* 105 D.P.R. 203 (1976), concretamos uno de estos deberes al resolver que si un acusado "se ausenta de la dirección por él informada, sin notificar el cambio de dirección, su conducta no es menos que una renuncia a los términos que en la Regla 64 de Procedimiento Criminal implementan la garantía constitucional de un juicio rápido."