EL PUEBLO DE PUERTO RICO, recurrido, *v.* MIGUEL A. RIVERA COLÓN, acusado y peticionario.

*Número:* CE-87-10 *Resuelto:* 30 de junio de 1987

*Carmen Ana Rodríguez Maldonado*, de la Sociedad para Asistencia Legal, abogada del peticionario; *Rafael Ortiz Carrión, Procurador General, Josefa A. Román García, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Este caso nos da la oportunidad de fijar la forma y manera en que debe computarse el término de sesenta días para celebrar la vista preliminar en alzada y establecer normas para las situaciones en que el imputado no puede ser citado para comparecer a dicha vista.

Miguel A. Rivera Colón fue denunciado por infringir los Arts. 6, 8 y 11 de la Ley de Armas, en sus modalidades de delitos graves. 25 L.P.R.A. secs. 416, 418 y 421. El 13 de mayo de 1986 se celebró la vista preliminar en el Tribunal de Distrito, Sala de San Juan. La Juez Dávila Altieri determinó, en todos los casos, que no había causa probable para acusar. El día siguiente, 14 de mayo, el fiscal sometió al Tribunal Superior, Sala de San Juan, una moción para solicitar vista preliminar en alzada, la cual fue notificada a la abogada del imputado.

El 20 de mayo se expidió orden que cita al acusado para el acto de vista preliminar en alzada a celebrarse el 3 de junio de 1986. El alguacil que trató de diligenciar dicha citación certificó que en la dirección de referencia vivía otra persona que no conocía al acusado.(1) La vista de 3 de junio tuvo que ser transferida para el 30 de junio, porque el acusado no pudo ser citado. La propia abogada del acusado informó que tenía una dirección del acusado que era Barrio Corchado Núm. 99 en Isabela. Para el nuevo señalamiento se expidió citación con ambas direcciones del acusado. El alguacil volvió a certificar que en el Barrio Jurutungo no conocían al acusado. La Policía certificó que en la dirección de Isabela reside el Sr. Domingo Valle y que éste informó que desconocía el paradero de Rivera Colón. Por ello hubo que suspender la vista de 30 de junio. Se señaló la vista para el 27 de agosto. La minuta de esa vista nos indica que:

> Informa el señor Alguacil que el imputado no fue citado.
> La defensa expresa que en estos casos han pasado los términos para la Vista Preliminar en Alzada contando desde que se celebró el 13 de mayo de 1986. Que la dirección que tiene la ofreció la última vez la Lcda. Marta Dávila que es

---

(1) Esa era la dirección que constaba en la denuncia, a saber, Calle M, Núm. 105, Barrio Jurutungo, Hato Rey, o sea la que suministró el acusado al ser intervenido por primera vez en este caso.

la siguiente: Bo. Corchado Núm. 99, Isabela, Puerto Rico por lo que solicita la desestimación del caso. Que la ausencia del imputado surge de que no fue citado.

El Tribunal le indica a la defensa que no procede la moción de desestimación, ya que es un deber del imputado dar su dirección correcta.

Se le concede sesenta (60) días adicionales al señor fiscal para que haga las gestiones para que cite al imputado.

Se señala la vista para el día 29 de octubre de 1986 a las nueve de la mañana. *Exhibit* XII, pág. 12.

Como el acusado no pudo ser citado, el 29 de octubre la defensa solicitó el archivo del caso bajo la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El magistrado hizo constar que del expediente surge que el acusado se mudó y procedió a darle dos días adicionales al fiscal para hacer las gestiones necesarias. El 30 de octubre el fiscal presentó una moción en que pedía se citara a la juez que presidió la vista preliminar, ya que se alegó que al finalizar la vista preliminar el fiscal anunció en corte abierta que iba a acudir en alzada y que la juez citó al acusado para una vista a celebrarse el 5 de junio. Solicitó que se celebrara la vista preliminar en ausencia del acusado. En la vista de 31 de octubre se ordenó que se citara para el 13 de noviembre a la Juez Dávila, los fiscales y abogados que intervinieron en el caso. El día 13 ocurrió lo siguiente:

Llamados los casos del epígrafe para Vista Preliminar en Alzada, comparece el Pueblo de Puerto Rico representado de su fiscal, Rosa Emilia Rodríguez. El acusado no ha comparecido. Está su abogada, Lic. Cándida A. Gutiérrez.

Expresa la defensa que en relación a este caso han pasado 184 días desde que se vio la Vista Preliminar y no se determinó causa. Que en varias ocasiones se le había llevado al Tribunal que el acusado nunca fue citado y nunca se diligenció su citación y dado ese hecho, de que no había sido citado debidamente el 27 de agosto de 1986 estando presente el fiscal, José Santiago Martínez la defensa presentó una solicitud de desestimación de estos casos. En esa ocasión el

Juez le concedió 60 días adicionales al Ministerio Público para que se realizaran gestiones para citar al imputado. El d[í]a 31 de octubre compareció el Lic. Tomás Sierra señalando los mismos planteamientos y solicitando la desestimación de los casos. En esa ocasión el fiscal Miguel Colón Ortiz solicitó que se citara a la Juez Georgina Dávila y al Fiscal Juan López como testigos de la supuesta citación del acusado, que la defensa solicitó la citación de las abogadas, [Lc]das. Margarita Cortijo y Marta Dávila.

El Tribunal le informa a la defensa que no se ha podido citar al acusado porque se mud[ó] y no ha informado al Tribunal cu[á]l es su paradero.

Expresa la defensa que se dio la dirección que ten[í]a la defensa en su expediente.

Expresa el Ministerio Público que el Fiscal, Juan López cuando se hiz[o] la determinación de no causa informó que se iba a ir en alzada por lo que entiende la fiscal que el acusado debi[ó] mantener informado al Tribunal de su [pa]radero. Que se han hecho gestiones para citar al acusado y han sido infructuosas. La fiscal entiende que hubo un aviso para que el acusado le mantuviera inform[ad]o de su paradero.

Expresa la defensa que la prueba que tiene es que en ningún momento se informó en Vista Preliminar que se iba a ir en alzada en este caso.

La fiscal entiende que el fiscal, Juan López cuando la Juez resolvió en Vista Preliminar indicó que ir[í]a en alzada.

Se suspende esta vista y se señala para el d[í]a 14 de enero de 1987 a las nueve de la mañana.

Se dispone que se contin[úe]n haciendo las gestiones para localizarlo. *Exhibit* XVII, págs. 17–18.

A solicitud de la defensa, el 13 de enero de 1987 paralizamos los procedimientos en el tribunal de instancia y le concedimos un término al Procurador General para mostrar causa por la cual no debiamos archivar los casos pendientes contra el peticionario. Después de la comparecencia de las partes, estamos en posición de resolver.

■ Para empezar, ratificamos que la garantía constitucional de juicio rápido se extiende y aplica en toda su

extensión a los procedimientos de vista preliminar, ya sea bajo la Regla 23 ó 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Pueblo* v. *Vélez Castro*, 105 D.P.R. 246 (1976); *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975).

La Regla 24(c), según enmendada por la Ley Núm. 80 de 9 de julio de 1986(²), 34 L.P.R.A. Ap. II, establece lo siguiente:

REGLA 24. — PROCEDIMIENTOS POSTERIORES

. . . . . . . .

(c) *Efectos de la determinación de no haber causa probable.* Si, luego de la vista preliminar, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con la otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. El magistrado una vez tenga ante sí dicha solicitud podrá prontamente expedir u ordenar al Secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo

---

(²) Vigente al dictarse la orden recurrida. En lo pertinente, su Exposición de Motivos dispone así:

"Al momento, las Reglas de Procedimiento Criminal no establecen un procedimiento específico para tales fines. Particularmente, las Reglas 6 y 24 que regulan en parte los procedimientos preliminares a la determinación de causa probable, no proveen un mecanismo en virtud del cual el tribunal venga obligado a citar, tanto a los testigos como al posible imputado. Igualmente la Regla 235, aunque provee para la citación de testigos bajo ciertas circunstancias, guarda silencio en cuanto a la obligación del tribunal de citar testigos e imputados cuando el fiscal lo solicita, tanto para procedimientos de determinación de causa como para el acto del juicio. Se ha generalizado la idea de que debe ser el fiscal o el policía estatal quien debe producir tanto los testigos como a los imputados.

"Las enmiendas a las Regla[s] 6, 24, y 235 de Procedimiento Criminal van encaminadas a establecer con claridad el procedimiento a seguir en aquellos casos en que el Estado solicite la revisión de una determinación de causa que no le es favorable. Así también, para establecer la obligación del tribunal de citar tanto a testigos como imputados, cuando el fiscal o los agentes de la Policía lo soliciten. Los tribunales cuentan con los recursos y el personal necesarios para hacer citaciones a través de la Oficina de los Alguaciles. Las fiscalías no poseen los mismos." 1986 Leyes de Puerto Rico 268-269.

anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.(3)

En el caso ante nos el tribunal expidió, para todos los señalamientos, citaciones dirigidas al imputado, las cuales no pudieron diligenciarse porque el citado no residía en la dirección que dio inicialmente al ser intervenido (la de Hato Rey) ni en la que posteriormente dio a sus abogados (la de Isabela).

■ En *Pueblo* v. *Opio Opio*, ante, pág. 170, sentamos la norma siguiente:

En armonía con los desarrollos en este vital campo consideramos adecuado un término de sesenta días para celebrar la misma, contados desde el arresto del acusado o su citación para responder del delito imputado. Coincide con el término máximo provisto en la Regla 64(n)(2) de Procedimiento Criminal para presentar acusación o denuncia contra el acusado, y sólo podrá extenderse por justa causa, o por demora imputable al acusado o consentida por éste. (Escolio omitido.)

■ En *Pueblo* v. *Vélez Castro*, ante, aplicamos el mismo término a la vista preliminar en alzada. Aunque allí era innecesario consignarlo, entendemos que es lógico suponer que en *Pueblo* v. *Vélez Castro*, ante, seguimos en toda su extensión las normas de *Pueblo* v. *Opio Opio*, ante, incluso, claro está, que el punto de partida para computar el término de sesenta días puede computarse desde la citación del acusado y las razones para extenderlo.

■ En las causas criminales, el derecho a juicio rápido no cobra vigencia hasta que el imputado de delito es

---

(3) En la Ley Núm. 29 de 19 de junio de 1987 se eliminó la última oración de la Regla 24(c), 34 L.P.R.A. Ap. II. Ello no obstante, se puede utilizar el procedimiento de citación establecido por la Regla 235 de Procedimiento Criminal, según enmendada por la Ley Núm. 80 de 9 de julio de 1986.

detenido o está sujeto a responder. *Pueblo* v. *Rivera Tirado*, 117 D.P.R. 419 (1986); *Pueblo ex rel L. V.C.*, 110 D.P.R. 114, 126 (1980), donde se citan entre otros a *Pueblo* v. *Opio Opio*, ante, y a *Hernández Pacheco* v. *Flores Rodríguez*, 105 D.P.R. 173, 177–178 (1976). En este último caso se utilizó la norma de que es la citación la que pone en marcha el término de sesenta días para presentar la acusación. Ratificamos la norma y razonamiento de dicho caso:(4)

El derecho a juicio rápido, garantizado por el Art. II, Sec. 11 de la Constitución de Puerto Rico, se cumple en reglas procesales, en la realidad vital y en la función práctica de día a día del sistema de justicia criminal. Hemos resuelto que la demora indebida en los procedimientos anteriores a la acusación contraviene ese derecho. *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975). Pero tanto los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia. *Beavers* v. *Haubert*, 198 U.S. 77 (1905). La garantía constitucional es importante salvaguardia que evita el encarcelamiento indebido y opresivo anterior al juicio; minimiza la ansiedad y preocupación que conlleva una acusación pública; y reduce la posibilidad de que una larga tardanza menoscabe los medios de defensa del acusado. *United States* v. *Ewell*, 383 U.S. 116 (1966). Si la demora en la prosecución del caso llega al punto de privación inconstitucional de derechos, es cuestión que depende de las circunstancias. Queda excluida como justa causa aquella demora intencional u opresiva. *Pollard* v. *United States*, 352 U.S. 354 (1957). Contrapuestos a esta doctrina, los hechos en

---

(4) Véase, además, *Pueblo* v. *Garrick*, 105 D.P.R. 178 (1976), donde se armoniza el término de sesenta días para presentar la acusación, Regla 64(n)(2), con la norma judicial de *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975). Resolvimos que la acusación presentada once días después de vencido este último plazo está en tiempo, en ausencia de circunstancias extraordinarias y excepcionales demostrativas de abuso del término para celebración de la vista preliminar.

que funda el recurrente su reclamo no acusan erosión de su derecho constitucional a juicio rápido.

Esta norma de razonabilidad ha sido constantemente reconocida aun en la opinión disidente en *Pueblo* v. *Santiago Agricourt,* 108 D.P.R. 612 (1979).

En esa disidencia, *Pueblo* v. *Santiago Agricourt,* ante, pág. 621, se dijo que:

> Así determinamos que el plazo razonable con que cuenta el ministerio público para conseguir *la celebración* en alzada de una nueva vista preliminar no debe exceder 60 días. Cierto es que al momento de procesarse el caso de autos no habíamos nosotros resuelto el caso *Vélez Castro.* No obstante, la celebración en tiempo razonable de una vista preliminar en alzada, incidente que puede resultar en menoscabo del derecho a juicio rápido, es obligación procedente de la Constitución que se impone al ministerio público. *Pueblo* v. *Opio Opio,* 104 D.P.R. 165, 169 (1975). Contra esa norma el fiscal puede oponer válida justificación.

 En la sentencia de la mayoría se sigue la norma que cita a *Pueblo* v. *Reyes Herrans* 105 D.P.R. 658, 664 (1977) y *Hernández Pacheco* v. *Flores Rodríguez,* ante, de que el derecho fundamental al juicio rápido evade la "tiesa aritmética de la regla", *Pueblo* v. *Santiago Agricourt,* ante, pág. 614.[5] Lo importante del caso de *Pueblo* v. *Santiago Agricourt,* ante, es que no hubo controversia o división del tribunal en cuanto a que contra la norma de *Pueblo* v. *Vélez Castro,* ante, el fiscal puede oponer válida justificación.[6]

---

[5] Como apuntamos en *Pueblo* v. *Rivera Tirado,* 117 D.P.R. 419, 433 (1986), "[e]l enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva".

[6] Por vía de ejemplo, en la jurisdicción federal, a tenor con el *Speedy Trial Act,* 18 U.S.C. sec. 3161, el tiempo de demora causado por la ausencia o indisponibilidad del acusado no se computa para los efectos de los términos de juicio rápido. Dicha disposición expresa:

■ Para aplicar las anteriores normas a la situación en el caso ante nos, debemos tener presente que: "La pronta solución de casos no es interés exclusivo del acusado sino de toda la comunidad. ... Sin embargo, el énfasis es hacia el derecho del primero." (Citas omitidas.) *Pueblo* v. *Rivera Tirado*, ante, págs. 431–432.

También debemos considerar que este problema no ha pasado desapercibido. La Ley Núm. 80, ante, estableció un mecanismo para citar a los acusados para la vista preliminar en alzada. En casos como el presente, en que el acusado cambia de dirección, ya sea voluntariamente para evadir la jurisdicción o inconscientemente,(7) el

---

"(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:..................................................................

"(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

"(B) For purpose of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."

(7) En *Márquez Quiñones* v. *Tribunal de Distrito*, 105 D.P.R. 203, 207 (1976), el acusado no pudo ser citado para la vista preliminar porque se había trasladado de Humacao a Caguas sin informar al Tribunal. Resolvimos que la ausencia admitida por el acusado de su domicilio, es justa causa para que no se celebrara la vista preliminar. La base decisoria fue que:

"El acusado trasladó su residencia de Humacao a Caguas y nada informó sobre el particular hasta que compareció voluntariamente a pedir que se dejara sin efecto la declaración de prófugo de la justicia. En protección de su derecho a juicio rápido, en todas las etapas del procedimiento, el acusado viene obligado a informar al tribunal su cambio de domicilio, para que puedan cumplimentarse en tiempo las citaciones a él dirigidas. Si se ausenta de la dirección residencial por él informada, sin notificar el cambio de dirección, su conducta no es menos que una renuncia a los términos que en la Regla 64 de Procedimiento Criminal implementan la garantía constitucional de un juicio rápido."

mecanismo resulta ser insuficiente. Ante esa situación debemos sentar las normas que regirán para garantizar los derechos del acusado y de la comunidad.(8)

 Ratificamos la norma de *Pueblo* v. *Vélez Castro*, ante. En primera instancia la vista preliminar en alzada debe celebrarse dentro de sesenta días a partir de la resolución del Juez de Distrito la cual determina que no había causa probable. Para esta primera vista el imputado será citado según el procedimiento de las Reglas 24(c) y 235 vigentes. Si no se puede citar al acusado por haber éste cambiado su dirección sin informar al tribunal o a su abogado, y el tribunal entiende que hubo una debida diligencia para localizarlo y citarlo, entonces el término de sesenta días para la segunda o subsiguientes vistas comenzará a computarse a partir de la fecha en que el acusado sea efectivamente citado. En todos los casos el término sólo podrá ser extendido por justa causa o por demora imputable al acusado o consentida por éste. *Pueblo* v. *Opio Opio*, ante. Queda excluida como justa causa aquella demora intencional y opresiva.(9)

En este caso está pendiente de celebrarse una vista evidenciaria para resolver el planteamiento de la defensa

---

(8) En el 1985 los legisladores de la minoría presentaron sendos proyectos de ley para solucionar el problema mediante el P. del S. 146 y el P de la C. 209, que autorizaban al magistrado que determina la inexistencia de causa probable a mantener vigente la fianza prestada por el término que tiene el fiscal para revisar la determinación. Estos proyectos no se han convertido en ley. Los traemos a colación únicamente para demostrar el conocimiento en la profesión de la situación creada cuando no se puede citar a los acusados para la vista preliminar en alzada.

(9) Es de notar que la propia Regla 64(n) admite la justa causa para la demora en celebrar la vista preliminar inicial. A esos efectos la Ley Núm. 31 de 19 de junio de 1987 (34 L.P.R.A. Ap. II, R. 64(n)(5) y (6)) dispone, en lo pertinente, lo siguiente:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

y las contenciones del fiscal. Luego de oír a los testigos citados por las partes y a los funcionarios a cargo de diligenciar las anteriores citaciones, el tribunal resolverá la moción de desestimación a la luz de los criterios antes expuestos. Deberá, además, citarse nuevamente al imputado, Miguel A. Rivera Colón.

*Se expedirá el auto, dictará sentencia de conformidad a lo aquí expuesto y se devolverá el caso para que continúen los procedimientos en forma compatible con esta opinión.*

La Juez Asociada Naveira de Rodón concurre en lo resuelto sin opinión escrita. El Juez Asociado Señor Hernández Denton emitió opinión disidente, a la cual se une el Juez Asociado Señor Alonso Alonso.

—O—

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Asociado Señor Alonso Alonso.

La Sociedad de Asistencia Legal (en adelante, la Sociedad) en representación del peticionario acude ante este foro para solicitar que revoquemos la determinación del tribunal de instancia que se niega a archivar una acusación criminal por violación al derecho constitucional a un juicio

---

. . . . . . . . .

"(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

. . . . . . . . .

"(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos en que deba celebrarse.
"(6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse."
Obsérvese que en esta ley se varían los términos fijados jurisprudencialmente en *Pueblo* v. *Opio Opio*, ante.

rápido. Alega la Sociedad que para la fecha del señalamiento de la vista en alzada habían transcurrido más de sesenta días desde la determinación de no haber causa probable para acusar por los delitos imputados. Contrario a la posición del Tribunal, entiendo que el peticionario tiene razón y procede el archivo de la acusación.

## I

El derecho a "un juicio rápido y público" es uno de los derechos fundamentales garantizados por el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico. *Pueblo* v. *Rivera Tirado,* 117 D.P.R. 419 (1986); *Pueblo* v. *Reyes Herrans,* 105 D.P.R. 658 (1977); *Jiménez Román* v. *Tribunal Superior,* 98 D.P.R. 874 (1970).

En *Pueblo* v. *Opio Opio,* 104 D.P.R. 165, 169 (1975), reconocimos que el derecho a juicio rápido "no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito". Dada esta visión integral del proceso penal y si se considera el motivo principal que animó a los miembros de la Convención Constituyente al incorporar este derecho fundamental en nuestra Carta Orgánica, concluimos que su protección se extendía a la vista preliminar requerida por la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Luego en *Pueblo* v. *Vélez Castro,* 105 D.P.R. 246 (1976), extendimos su cobertura a la vista preliminar en alzada provista por la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En esa ocasión afirmamos que la vista preliminar en alzada ante el Juez Superior tenía que celebrarse dentro de un término máximo de sesenta (60) días desde la resolución del Juez de Distrito, la cual determina que no había causa probable para la acusación.

Las Reglas de Procedimiento Criminal establecen un método integral y sistemático para encauzar el proceso penal. El diseño le permite al inocente una oportunidad temprano en el proceso de ser liberado de acusaciones injustas y evitar ser expuesto a "la preocupación martirizante de un juicio". *Pueblo* v. *Opio Opio*, supra, pág. 169. Por eso la Regla 23(c) específicamente provee para que cuando un tribunal determine que no existe causa probable para acusar, "exoner[e] a la persona y orden[e] que sea puesta en libertad".

Por otra parte, la Regla 24(c) de Procedimiento Criminal dispone que si el juez instructor de causa hace una determinación de que no existe causa probable para acusar por el delito imputado o de que existe causa por un delito inferior al imputado, el fiscal puede recurrir en alzada al Tribunal Superior para revisar la determinación del magistrado.

En *Pueblo* v. *Cruz Justiniano*, 116 D.P.R. 28, 30 (1984), examinamos el alcance de la vista preliminar en alzada y concluimos:

> La Regla 24(c) de Procedimiento Criminal regula el procedimiento posterior a la celebración de la vista preliminar. El inciso (c) permite que si se determina que no existe causa probable o que existe por un delito inferior al imputado, el fiscal pueda presentar el asunto de nuevo con la misma u otra prueba a un magistrado de categoría superior del tribunal de primera instancia. *Esta segunda vista preliminar no es una apelación de la primera sino que es vista independiente, separada y distinta. Pueblo* v. *Tribunal Superior*, 96 D.P.R. 237 (1968). (Énfasis nuestro.)

El peticionario, como persona imputada de delito, fue "exonerado y puesto en libertad". A la fecha en que se le citó a la vista en alzada no existía ningún proceso criminal pendiente en su contra. Era para todos los fines legales una persona libre y —a lo sumo— a menos que el fiscal al

momento de concluir la vista preliminar anunciara su intención de ir en alzada, no tenía ninguna obligación de mantener al tribunal informado de los cambios en dirección. El caso de *Márquez Quiñones* v. *Tribunal de Distrito*, 105 D.P.R. 203 (1976), citado por la opinión de la mayoría, es claramente distinguible. Allí el acusado había sido declarado "prófugo de la justicia". Ni tan siquiera se le había celebrado la primera vista. Fue arrestado, se le fijó fianza y cuando se expidió la citación para la vista preliminar a la dirección por él suministrada como correcta, no pudo ser localizado.

En este caso el señor Rivera Colón fue exonerado del delito imputado luego de la celebración de la vista preliminar en que se determinó que no había causa para enjuiciarlo. Al determinarse no causa en la vista preliminar, el peticionario no fue citado para la celebración de otra vista, ni el tribunal le hizo algún tipo de apercibimiento. Como cualquier otro ciudadano, podía ausentarse sin el temor ni el estigma de tener pendiente un proceso criminal en su contra.

Una vez el Ministerio Público decide acudir en alzada al Tribunal Superior, se inician los esfuerzos de notificación al peticionario. En los señalamientos del caso a partir de 3 de junio de 1986, el alguacil que intentó diligenciar la citación declaró que el señor Rivera Colón no había podido ser citado en la dirección que aparecía en el expediente del tribunal. Sin embargo, no declaró que esta persona se escondiera para evitar ser citado. Podemos inferir que sencillamente desconocía que el Ministerio Público había solicitado la celebración de una vista en alzada.

Al presente ya han transcurrido once (11) meses desde que se determinó que no existía causa probable contra el señor Rivera Colón y se decretó su libertad. También han transcurrido once (11) meses desde que se presentó la moción para solicitar vista preliminar en alzada la cual aún

no ha sido celebrada. Este es un término en exceso, por mucho, de los sesenta (60) días que se establece en *Pueblo* v. *Vélez Castro*, supra. Procede que se archive el caso en su contra.

Por estas razones disiento de la opinión del Tribunal. Amparándose en una jurisprudencia que no es aplicable a los hechos de este caso y con una visión limitada del alcance del derecho constitucional a un juicio rápido, este Tribunal acepta la interpretación restrictiva del Ministerio Público y establece condiciones para que a un ciudadano se le limite su libertad de movimiento aun después de ser exonerado en la vista preliminar.