MENELAO DÁVILA VIVES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE GUAYAMA, HON. EUGENIO VELÁZQUEZ MARTÍN, JUEZ, demandado.

*Número:* C-66-35     *Resuelto:* 4 de noviembre de 1966

*Adolfo Santiago Rivera,* abogado del peticionario; *J. F. Rodríguez Rivera, Sub-Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Conforme a las constancias de los autos el peticionario Menelao Dávila Vives fue *arrestado* el día 19 de junio de 1965 para responder de una infracción a la Sec. 5-801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041. El agente que practicó el arresto le condujo al cuartel de la policía de Salinas donde se le extrajo una muestra de orina que fue remitida al Departamento de Salud para el análisis correspondiente. Seis días más tarde, el 25 de junio, [1] el agente formuló una denuncia por propio conocimiento ante el Juez de Paz de Salinas, quien no tomó acción ulterior alguna, limitándose a suspender la vista "hasta que venga el análisis químico". En 20 de septiembre, previo examen del policía denunciante, [2] el mismo magistrado encontró causa probable para ordenar el arresto y remitió el expediente al Tribunal Superior, Sala de Guayama, para ulterior acción. El fiscal, fundándose en esta determinación de causa probable, presentó la acusación en 28 de septiembre.

El peticionario solicitó la desestimación de la acusación por haber transcurrido más de 60 días desde la fecha en que fue arrestado y la presentación de la acusación. Su pretensión fue declarada sin lugar.

█  Es claro que entre la fecha del arresto, 19 de junio, y la de la presentación del pliego acusatorio, 28 de septiembre, transcurrieron más de 60 días. Cien días, para ser exac-

---

[1] La Regla 22(a) de Procedimiento Criminal dispone que cuando se hiciere un arresto sin orden de arresto deberá llevarse a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano.

[2] En el acto de la vista ante el Tribunal Superior, el fiscal manifestó que el magistrado actuó después de recibir el resultado del análisis, pero tal hecho no aparece de la minuta escrita por el juez.

tos. Todo cuanto resta determinar es si concurre justa causa que vede la desestimación a que se refiere la Regla 64 (n) (2) de las de Procedimiento Criminal. En general, véanse, *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 140 (1961); *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (1960); *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (1959).

Es igualmente claro que, conforme a la disposición final de la Regla 22 (a) de las de Procedimiento Criminal, cuando, como en el presente caso, se arrestare a una persona sin que se hubiese expedido orden de arresto y se le llevare ante un magistrado, se presentará inmediatamente una denuncia y se expedirá una orden de citación o de arresto. En el inciso (c) de la citada regla se requiere del magistrado que remita la denuncia y la orden de citación o arresto a la sección y sala correspondiente del Tribunal de Primera Instancia para que se dé cumplimiento a los trámites posteriores. Por tratarse de un delito menos grave en relación con el cual el Tribunal Superior tiene competencia original, [3] es de aplicación la Regla 24 (b) que provee que cuando el expediente

---

[3] La versión original de la Sec. 5-804 de la Ley de Vehículos y Tránsito, Núm. 141 de 20 de julio de 1960 (Leyes, pág. 484), proveía que una vez se determinaba causa probable, cuando el detenido rehusaba acceder al requerimiento para someterse a cualquiera de los análisis a que se refiere la ley, el magistrado "ordenará que se radique la correspondiente denuncia o acusación ante el Tribunal de Primera Instancia y expedirá contra éste la orden de arresto de rigor." Pero esta disposición sobre la orden para radicar denuncia o acusación fue eliminada por la Ley Núm. 94 de 21 de junio de 1961 (Leyes, pág. 192). En el informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. de la C. 270, *Diario de Sesiones*, vol. 14, pág. 1251, se explica: "La disposición en el sentido de que el Magistrado ordenará que se radique la correspondiente acusación se elimina, toda vez que el estado de nuestro derecho actual sobre este particular es en el sentido de que la determinación de causa probable es para los solos fines de ordenar el arresto de un acusado, mientras que la determinación de si se radica una acusación o no es una determinación ejecutiva." Como sabemos, la situación ha variado en cuanto a la determinación para la radicación de una acusación o denuncia desde que entraron en vigor las Reglas de Procedimiento Criminal. Véanse, en cuanto a delitos graves, las Reglas 23 y 24; y en cuanto a delitos menos graves, las Reglas 5, 6(a), 7(a) y 22.

fuere remitido a la secretaría de alguna sala de la Sección Superior del Tribunal de Primera Instancia, el secretario deberá referir el mismo inmediatamente al fiscal de la Sala, quien presentará la acusación que procediere.

La demora ocurrida en el presente caso obedeció a la actuación del magistrado que pospuso toda acción hasta recibir el resultado del análisis químico, en lugar de, previo examen de la denuncia presentada y jurada ante él y del denunciante, dar cumplimiento a las otras disposiciones de las Reglas que han sido citadas.

Arguye el Procurador General que la ausencia de determinación de causa probable impedía la radicación de la acusación, e invoca la Regla 34 (a) de las de Procedimiento Criminal. Dicha regla hace referencia a la previa determinación de causa probable "determinada de acuerdo con lo dispuesto en la Regla 23", pero sabido es que la vista preliminar a que alude dicha Regla es necesaria únicamente en los casos en que se imputa la comisión de un delito grave.

Habiéndose presentado la denuncia ante el magistrado en 25 de junio no vemos cómo pueda sostenerse que existió justa causa para la demora en la iniciación del proceso contra el peticionario por el hecho de que dicho magistrado no actuara en la forma requerida por las Reglas y esperara el resultado de un análisis químico. El derecho a juicio rápido no puede dejarse al arbitrio de la actuación de los funcionarios a quienes se les encomienda el análisis de las muestras, que dicho sea de paso, no es esencial que se conozca para la iniciación del proceso mediante la radicación de la acusación.

*Se dejará sin efecto la resolución del Tribunal Superior, Sala de Guayama, de 22 de octubre de 1965, y se devolverá el caso con instrucciones para que se declare con lugar la desestimación de la acusación.*