Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Pueblo de Puerto Rico nos solicita revisemos y revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el día 4 de septiembre de 2001, notificada el 5 de septiembre de 2001. En este caso, el tribunal ordenó la desestimación de la denuncia al amparo de la Ley 64 (n) (5) de Procedimiento Criminal, 34 L.P.R.A. 64 (n) (5), Ap. II, que dispone, entre otras cosas, que si una persona está detenida en la cárcel por un total de treinta días después de su arresto sin que se hubiese presentado acusación o denuncia contra ella, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso ajuicio se deba a la solicitud del acusado o a su consentimiento, podrá esta persona solicitar la *996 desestimación de la denuncia o acusación presentada en su contra por habérsele infringido su derecho fundamental ajuicio rápido.
El recurrido Adalberto Cruz Camacho, a través de la Sociedad para Asistencia Legal, presentó su oposición al escrito de El Pueblo de Puerto Rico el 20 de diciembre de 2001, por lo que quedó sometido el caso y este tribunal está condiciones de resolver. Expedimos el auto y revocamos. Veamos los hechos procesales pertinentes que nos llevan a nuestra conclusión. ~ •
I
El Ministerio Público presentó denuncia contra el recurrido por éste haber alegadamente infringido el Artículo 404 de la Ley de Sustancias Controladas. El 20 de julio de 2001, se determinó causa para el arresto al amparo de la Regla 6 de Procedimiento Criminal por el referido delito. El recurrido fue encarcelado al no poder prestar la fianza impuesta el 2 de agosto de 2001.
El 21 de agosto de 2001, llamado el caso de epígrafe para la celebración de la vista preliminar, ésta no pudo celebrarse debido a que el recurrido no fue referido para entrevista por el juez instructor (Regla 6). Se reseñaló la celebración de la vista preliminar para el 4 de septiembre de 2001. El 4 de septiembre de 2001, la vista preliminar fue pospuesta porque la prueba del Ministerio Público no estaba presente. En esta fecha, dado el hecho que el acusado se encontraba recluido en prisión desde el 2 de agosto de 2001, el tribunal desestimó la denuncia por violación al Derecho Constitucional de Juicio Rápido. Veamos porqué este remedio no procede.
II
La Sección II del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico dispone que “en todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público”. En atención a este derecho fundamental, nuestras Reglas de Procedimiento Criminal y su jurisprudencia interpretativa han delimitado períodos de tiempo constitucionalmente razonables para cubrir varias etapas entre el arresto y el juicio.
La citada Regla 64 (n) (5) cubre el período de tiempo entre el arresto y la vista preliminar. Nuestro Tribunal Supremo ha interpretado que este derecho, el del juicio rápido, cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder, {“held to answer”). Pueblo v. Candelaria Vargas, 148 D.P.R._, 99 J.T.S. 98, alapág. 1188.
La Regla 64 (n) regula estatutariamente el derecho a juicio rápido y establece varios términos que corren simultáneamente partiendo del arresto o detención del imputado para la presentación de la acusación en los casos graves, así como para la celebración de la vista preliminar de acuerdo a la condición procesal del imputado. Pueblo v. Cartagena Fuentes,_D.P.R._, 2000 J.T.S. 163, a la pág. 229.
No se disputa que el recurrido estuvo encarcelado por el período de tiempo que establece el estatuto desde que fue detenido. Si la demora se le puede imputar al acusado, es uno de los planteamientos que tenemos que determinar.
El Pueblo alega que el tribunal recurrido erró al determinar que no hubo justa causa para la dilación, razonando que la dilación para no nombrarle al acusado representación legal se debió al estado de huelga de la Sociedad para Asistencia Legal, circunstancia no atribuible al Estado y que esto constituye justa causa para la demora. Alega también que debido a que el tribunal no le asignó un juez como lo debió haber hecho, fue el tribunal el que actuó irrazonablemente. Finalmente, sostiene que el acusado no planteó que hubiera sufrido perjuicio alguno por la tardanza.
El derecho a juicio rápido, expresa el Procurador General, “no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva”. Pueblo v. Ramos Alvarez 118 D.P.R. 782, 791 *997 (1987). Sin embargo, nuestro Tribunal Supremo ha reconocido el derecho constitucional de un acusado a una rápida vista preliminar. Pueblo v. Opio Opio, 104 D.P.R. 165 (1975).
El Pueblo señala los criterios para evaluar alegaciones al derecho de juicio rápido. Los criterios son: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó su derecho a juicio rápido; y (4) el perjuicio resultante de la tardanza. Ninguno de estos criterios es determinante y están sujetos a un balance. Pueblo v. Ramos Alvarez, 118 D.P.R. 782 (1987).
En cuanto a los hechos que motivaron la tardanza, señala el Ministerio Público que al haber solamente un día de tardanza, la vista preliminar no se pudo celebrar porque el recurrido no había sido entrevistado por su abogado y se reseñaló la vista para el 4 de septiembre de 2001, ahora con 14 días de tardanza, y en esta fecha, el abogado del acusado informó no estar preparado porque no había entrevistado al recurrido. El Ministerio Público, en esta última fecha, informó que su prueba estaba completa y que estaba preparado para entrar en los méritos de la vista preliminar. El Magistrado, sin embargo, desestimó la denuncia presentada por violación ajuicio rápido.
Veamos algunos ejemplos relacionados a la determinación de justa causa.
Las tardanzas institucionales, entre éstas, la enfermedad de un juez, receso por vacaciones del tribunal y la congestión en el calendario, son imputables al Estado. Ante una dilación excesiva y un reclamo del imputado, el Ministerio Público debe probar la existencia de justa causa y el tribunal evaluará cuidadosamente el motivo institucional alegado. Las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada, serán evaluadas con menos rigurosidad que las intencionales. Pueblo v. Candelaria Vargas, supra.
Demoras intencionales y opresivas no constituyen justa causa para la inobservancia del término de sesenta (60) días para la celebración de la vista preliminar en alzada. Pueblo v. Colón, 119 D.P.R. 315, 322 (1987). Tampoco constituye causa justificada el no citar a tiempo para la vista preliminar a una persona imputada de delito, debido a que el Estado ignora que se encuentra recluida en una institución penal. Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 122(1987).
En Dávila Vives v. Tribunal Superior, 93 D.P.R. 776, a la pág. 780, el Tribunal Supremo expresa, “ .... no vemos cómo puede sostenerse que existió justa causa para la demora en la iniciación de un proceso contra el peticionario por el hecho de que el magistrado no actuara en la forma requerida por las reglas y esperara el resultado de un análisis químico”.
En Pueblo v. Valdez Medina y Otros,_D.P.R._, 2001 J.T.S. 170, el Tribunal Supremo señaló que suspensiones motivadas por las autoridades correspondientes implantando medidas administrativas que frustraron el proceso de entrevistas por parte de la Sociedad para Asistencia Legal bajo las circunstancias particulares del caso, constituyen justa causa para la demora en la iniciación de un proceso contra un acusado. Las circunstancias señaladas por el tribunal fueron que la medida tomada imputable al Estado no puede reputarse como intencional, ni opresiva, que la demora no se prolongó más de lo necesario, y que no se desprende que la dilación en la celebración de las vistas le haya causado o les habrá de causar prejuicio alguno.
Destaca el citado caso, que el curso decisorio de dicho caso, no constituye impedimento para afirmar que, en el descargo de la delicada responsabilidad que tienen los tribunales de instancia de procurar que los términos de juicio rápido dispuestos por nuestro ordenamiento procesal sean observados, es deber ineludible de los mismos desplegar el mayor grado de rigor y tomar las medidas cautelares necesarias para salvaguardar todos los intereses y derechos que estén involucrados.
III
Veamos ahora si hubo falta de justa causa en nuestro caso al no nombrarle representación legal al recurrido en el período estatutario de 30 días y donde hubo dos señalamientos para celebrar vista preliminar estando el recurrido encarcelado durante este período. La justa causa alegada por el Procurador General es que la demora se *998 debió al estado de huelga de la Sociedad para Asistencia Legal, circunstancia no atribuible al Estado, que la dilación se debió a que el abogado del recurrido no lo había entrevistado por encontrarse en huelga y en el segundo señalamiento no se encontraba preparado para entrar a vista preliminar por la misma razón. Entendemos y así resolvemos, que se justificó la justa causa para la demora, por lo que no procede la desestimación.
Lo primero que debemos señalar es que estamos de acuerdo con lo expresado por el recurrido en su escrito, que el mero hecho de que un ciudadano esté confinado, no significa que automáticamente será considerado cliente de la Sociedad para Asistencia Legal de Puerto Rico. Su capacidad económica es evaluada y se investigan las posibilidades de haber conflicto de intereses con otros de sus clientes antes de tomarse la decisión de si va o no a ser cliente de la Sociedad.
La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. R.23, haciendo referencia a la Regla 22 (c), establece el derecho del acusado a tener representación legal y si éste no puede obtener asistencia legal, el magistrado correspondiente le nombrará abogado y el nombre de éste se incluirá en la citación para la vista preliminar. Observamos también que aun en el paso anterior, el arresto del ciudadano, el magistrado debe advertir a éste su derecho de comunicarse con un abogado. Regla 22(b) de Procedimiento Criminal. Obviamente, en nuestro caso, el Tribunal no cumplió con este requisito en ninguno de los dos señalamientos. Es decir, el magistrado no actuó en la forma requerida.
Señalamos, como lo hace también el recurrido, que el Ministerio Público tampoco cumplió con su deber de apercibir oportunamente al Tribunal.
Sin embargo, observamos que la demora, en gran parte, especialmente la parte en exceso de los 30 días, se debió a que la representación legal del recurrido no estaba preparada. Observamos, además, que durante el período que ocurren los señalamientos, la Sociedad para Asistencia Legal se encontraba en huelga.
Es cierto que el Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal aprobado el 30 de junio de 1998, efectivo el Io de julio de 1998, le requiere al Tribunal, una vez determinado que el acusado es indigente, que le asigne como abogado o abogada de oficio a aquél o aquélla cuyo nombre esté en tumo en la lista correspondiente. Parte III, Regla 22, del Reglamento.
Muy recientemente, en relación a este Reglamento, el Tribunal Supremo, reconociendo la emergencia causada por el conflicto laboral por el reclamo de aumentos salariales de la Sociedad para Asistencia Legal, estableció ciertas medidas para asegurar la buena marcha de la administración de justicia criminal en Puerto Rico. Se autoriza a los Tribunales a nombrar abogados de oficio sin limitarse a la Regla 8 (orden de asignación) y 10 (Registro para el control de Asignaciones) y autoriza a estos abogados que presten este servicio, a ser compensados. Véase Resolución de 30 de agosto de 2001, 2001 J.T.S. 123. Esta resolución es muestra de la importancia que nuestro sistema de justicia criminal le da al derecho constitucional de tener representación legal en los procesos criminales.
Pero la falta de representación legal no fue la razón para la demora en el caso nuestro. El recurrido tenía representación legal, pero dicha representación no estaba preparada para la vista señalada. El Ministerio Público sí lo estaba. Esta demora no se le puede atribuir al Estado de ninguna forma, como tampoco debe beneficiar al recurrido.
Conforme a lo antes expresado y a la luz del citado caso, Pueblo v. Medina, se expide el auto y se revoca la Resolución recurrida.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
*999 Aida Ileana Oquendo Graulau
Secretaria General