Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>MIGUEL ANTONIO PARDO ORTIZ<br><br>Recurrido | KLCE202301406 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K SC2023G0127-129<br><br>Sobre:<br>Art. 401 Ley 4 (3CS) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2024.

### I.

El 11 de diciembre de 2023, el Pueblo de Puerto Rico (Pueblo de Puerto Rico o parte peticionaria) presentó ante esta Curia una petición de *Certiorari Criminal* en la que solicitó que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) el 23 de octubre de 2023, notificada el 25 de octubre de 2023.[1] En el dictamen, el TPI desestimó tres acusaciones de delitos graves que pesaban en contra del señor Miguel Antonio Pardo Ortiz (señor Pardo Ortiz o recurrido) por entender que el Ministerio Público infringió, sin demostrar justa causa, el término de juicio rápido establecido por la Regla 64 (n)(4) de Procedimiento Criminal, 24 LPRA Ap. II, R. 64(n)(4).

---

[1] Apéndice del recurso de *Certiorari Criminal*, Anejo 13, págs. 31-33. Si bien la determinación recurrida tiene como título *Sentencia*, la misma se trata de una resolución final, toda vez que no constituye una sentencia condenatoria según la define la Regla 162 de Procedimiento Criminal, 24 LPRA Ap. II, R. 162, y, por ello, el recurso indicado para su revisión es el *certiorari*.

El 13 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos diez (10) días al recurrido para exponer su posición sobre los méritos del recurso.

El 26 de diciembre de 2023, el señor Pardo Ortiz radicó un *Escrito en cumplimiento de orden* en el que solicitó que deneguemos la expedición del *certiorari* y, en consecuencia, que confirmemos la determinación recurrida.

Contando con la comparecencia de las partes, damos por perfeccionado el recurso y pormenorizamos los hechos procesales atinentes a la petición de *Certiorari Criminal.*

**II.**

El caso de marras tiene su génesis el 11 de mayo de 2023, cuando el Ministerio Público presentó tres denuncias en contra del señor Pardo Ortiz por infracciones al Art. 401(a) de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2401.[2]

Ese mismo día, el TPI encontró causa para arresto y le impuso una fianza al recurrido, la cual fue prestada por este.

El 22 de junio de 2023, el TPI emitió una *Resolución* en la que encontró causa para acusar al recurrido y señaló una fecha para la celebración del juicio.[3]

El 23 de junio de 2023, el Ministerio Público radicó tres acusaciones contra el señor Pardo Ortiz, correspondientes a cada una de las tres denuncias.[4] Al recurrido se le imputó poseer con la intención de distribuir tres sustancias controladas distintas.

El 27 de junio de 2023, el TPI celebró el acto de lectura de acusación, lo cual quedó recogido en una *Minuta* transcrita ese mismo día.[5]

---

[2] Íd., Anejo 1, págs. 1-6.
[3] Íd., Anejo 2, págs. 7-8.
[4] Íd., Anejo 3, págs. 9-14.
[5] Íd., Anejo 4, pág. 15.

El 17 de julio de 2023, el señor Pardo Ortiz presentó una *Moción al amparo de la Regla 95 de las de Procedimiento Criminal* en la que solicitó que el Ministerio Público entregara una multiplicidad de documentos como parte del descubrimiento de prueba.[6] Entre lo solicitado, incluyó toda evidencia en poder de la Policía de Puerto Rico como consecuencia de análisis forense relacionado al caso.

El 19 de julio de 2023, se llevó a cabo la primera vista del juicio en su fondo, cuyas incidencias quedaron recogidas en una *Minuta*, transcrita ese mismo día.[7] En lo pertinente, según surge de la *Minuta*, el TPI consignó que el Ministerio Público no contestó la moción de descubrimiento al amparo de la Regla 95 de Procedimiento Criminal, *supra*, R. 95, promovida por el recurrido. Asimismo, el foro primario citó a la químico Flor V. Chinea Torres del Instituto de Ciencias Forenses (ICF) a instancias del Ministerio Público. Más aún, concluyó que el Ministerio Público no estaba preparado para el comienzo del juicio en su fondo, le concedió diez (10) días adicionales al Estado para contestar el descubrimiento de prueba y señaló la celebración del juicio en su fondo para el 18 de septiembre de 2023.

El 21 de julio de 2023, el Ministerio Público radicó una *Contestación para contestar solicitud de descubrimiento de prueba y moción para solicitar descubrimiento de prueba a favor del Ministerio Público al amparo de la Regla 95 de las de Procedimiento Criminal y el debido proceso de ley* en la que informó que se sometió al ICF la solicitud del Análisis Químico, proveyendo los datos del receptor de la evidencia en cuestión, que el análisis químico de la prueba no estaba en posesión de la Fiscalía y que se entregaron otras piezas de evidencia solicitadas por el Sr. Pardo Ortiz.[8] En suma y en lo

---

[6] Íd., Anejo 5, págs. 16-19.
[7] Íd., Anejo 6, pág. 20.
[8] Íd., Anejo 7, págs. 21-24.

pertinente, planteó que, para dar cumplimento cabal a la Regla 95 de Procedimiento Criminal, *supra*, únicamente faltaba la entrega del análisis químico y del tracto de cadena de custodia de la prueba.

El 18 de septiembre de 2023, se llevó a cabo el segundo señalamiento de juicio en su fondo, cuyas incidencias quedaron recogidas en una *Minuta*, transcrita el 20 de septiembre de 2023.[9] De acuerdo con la *Minuta*, el TPI consignó que el Ministerio Público aún no contaba con el análisis químico de la prueba ocupada, así como que no estaba presente una agente de la Policía, citada como testigo. Por dichas razones, el TPI señaló vista de juicio en su fondo para el 25 de septiembre de 2023.

El 25 de septiembre de 2023, se celebró el tercer señalamiento de juicio en su fondo, cuyas incidencias fueron recogidas por el TPI en una *Minuta*, transcrita al día siguiente.[10] En la *Minuta*, el foro primario consignó que el Ministerio Público informó que aún no contaba con el análisis químico. Por ello, el Estado solicitó al TPI que emitiera una orden dirigida al ICF para que entregara el análisis químico. En respuesta, el foro primario le solicitó al Ministerio Público que presentara un proyecto de orden a esos fines. Por lo anterior, hizo constar que el último día de los términos era el sábado, 21 de octubre de 2023 y, por lo tanto, señaló vista de juicio en su fondo para el próximo día hábil, el 23 de octubre de 2023.

El 23 de octubre de 2023, se llevó a cabo el cuarto señalamiento de juicio en su fondo, lo cual quedó recogido en una *Minuta*, transcrita ese mismo día.[11] Concretamente, dicha *Minuta*, la cual no está firmada por la jueza que preside el caso, consignó lo siguiente:

> A la celebración del juicio en su fondo, comparece la fiscal Zulma Delgado Colón, en representación del Ministerio Público.

---

[9] Íd., Anejo 9, págs. 27-27A.
[10] Íd., Anejo 11, pág. 29.
[11] Íd., Anejo 12, pág. 30.

> Comparece el imputado (bajo fianza), y su representación legal, el Lcdo. Alexis Álvarez del Valle.
>
> Están presentes: Agte. Lisbell Mateo Rivera y Agte. Xavier Rivera Báez (36958).
>
> El alguacil informa que los funcionarios del Instituto de Ciencias Forenses están disponibles.
>
> Expresa el Ministerio Público que el análisis químico llegó el 20 de octubre de 2023 y ese mismo día fue enviado a la Defensa.
>
> La Defensa expresa que le enviaron un correo electrónico, que no ha visto la documentación, de todas maneras, no cumple con los cinco días antes del juicio para la entrega.
>
> A preguntas del Tribunal, y con relación a si el Instituto de Ciencias Forenses puede informar alguna justa causa, ya que los hechos son del 10 de mayo de 2023, para no cumplir con lo establecido en la Regla, el Ministerio Público expresa que no está en posición para informar, que el dio seguimiento, pero no sabe la razón.
>
> Siendo la solicitud de la Defensa la desestimación, el Tribunal convierte esta vista en una vista evidenciaria que establece la Regla 64 N de procedimiento criminal, en donde las partes tendrían que demostrar la justa causa.
>
> Que la defensa, quien reclama la duración de la demora, las razones de la demora, si fue provocada por el acusado, que en este caso no ha sido provocada por este, ya que el imputado ha comparecido consistentemente, ni tampoco consintió dicha demora, que el Ministerio Público demuestre la existencia de justa causa para la demora y los perjuicios que la demora haya podido causar.
>
> **No habiéndose demostrado la justa causa para la demora, el Tribunal declara ha lugar la solicitud, ordenando la desestimación, por la Regla 64 N4 de procedimiento criminal.**
>
> Advertido el imputado que, siendo un delito de carácter grave, el Ministerio Público puede volver a radicar la denuncia.[12] (Énfasis en el original).

Ese mismo día, el TPI emitió la *Sentencia* recurrida en la que desestimó las tres acusaciones radicadas en contra del señor Pardo Ortiz, bajo las disposiciones de la Regla 64(n)(4) de Procedimiento Criminal, *supra*.[13] En el escueto dictamen, el foro primario consignó concretamente lo siguiente: "Por los fundamentos aducidos en corte abierta bajo la Regla 64 (n)(4) para solicitar la desestimación, el Tribunal declara Ha Lugar la solicitud y por consiguiente ordena la desestimación de este(os) caso(s) bajo las disposiciones de la Regla 64 (n)(4) de Procedimiento Criminal".

El 7 de noviembre de 2023, el Ministerio Público presentó una *Moción en reconsideración a desestimación al amparo de la Regla 64*

---

[12] Íd.
[13] Íd., Anejo 13, págs. 31-33.

*N(4) de Procedimiento Criminal* en la que le solicitó al TPI que reconsiderara su determinación.[14] Según esbozó, aunque el descubrimiento de prueba fue completado fuera de los términos establecidos en las Reglas de Procedimiento Criminal, *supra*, la defensa no argumentó sobre el perjuicio que le causaría extenderlos para realizar el juicio en su fondo. Asimismo, hizo hincapié en que el acusado estaba bajo fianza y planteó que, según la totalidad de las circunstancias, la extensión de los términos para celebrar el juicio no causaría perjuicio sustancial al acusado.

El 8 de noviembre de 2023, el TPI emitió una *Orden* en la que denegó la solicitud de reconsideración promovida por el Ministerio Público.[15]

Inconforme, el 11 de diciembre de 2023, el Pueblo de Puerto Rico radicó la petición de *Certiorari Criminal* de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> PRIMER ERROR: EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DEJAR DE CONSIGNAR POR ESCRITO LOS FUNDAMENTOS DE SU DECISIÓN DE DESESTIMAR LAS ACUSACIONES CONTRA EL RECURRIDO, AL AMPARO DE LA REGLA 64(n) DE LAS DE PROCEDIMIENTO CRIMINAL, CONTRAVINIENDO LA INSTRUCCIÓN DE DICHA REGLA Y PRIVANDO A LAS PARTES DE COMPRENDER LAS BASES PARA SU DETERMINACIÓN.
>
> SEGUNDO ERROR: EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DESESTIMAR TRAS CELEBRAR UNA VISTA EVIDENCIARIA EN LA QUE NO SE PRESENTÓ PRUEBA EN TORNO AL ASPECTO DE *PERJUICIO CAUSADO AL ACUSADO*, DEJANDO CON ESTE PROCEDER DE TOMAR EN CUENTA UNO DE LOS ELEMENTOS QUE LA REGLA 64(N) EXIGE SE CONSIDEREN PARA DETERMINAR SI DESESTIMAR POR VIOLACIÓN A LOS TÉRMINOS DE JUICIO RÁPIDO.

En suma, la parte peticionaria arguyó que el foro recurrido erró al no consignar por escrito los fundamentos que motivaron la desestimación. Asimismo, adujo que el TPI omitió considerar el perjuicio que la dilación haya podido causar al acusado, lo cual constituyó un error craso en violación de los criterios dispuestos en

---

[14] Íd., Anejo 14, págs. 34-36.
[15] Íd., Anejo 15, págs. 37-39.

la Regla 64(n) de Procedimiento Criminal, *supra*. Asimismo, el Estado acompañó su recurso con la regrabación de los señalamientos de juicio en su fondo y, en específico, planteó que la regrabación del 23 de octubre de 2023 confirma que el TPI manifestó una diversidad de argumentos, ideas y expresiones que no articularon ni comunicaron qué convenció al Tribunal respecto a la desestimación. En consecuencia, solicitó que revoquemos la *Sentencia* recurrida.

El 26 de diciembre de 2023, el señor Pardo Ortiz presentó un *Escrito en cumplimiento de orden* en el que argumentó, en suma, que el TPI consignó las razones para la desestimación y, más aún, que el recurso promovido por la parte peticionaria no satisface los requisitos estatuidos que la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece para el ejercicio de nuestra discreción al considerar una petición de *certiorari*. En concreto, alegó que la *Minuta* del 23 de octubre de 2023 demuestra que la jueza consignó por escrito los hechos que dieron paso a la desestimación, lo cual también incorporó por referencia a la *Sentencia*. Igualmente, enfatizó en que el Ministerio Público nunca radicó el proyecto de la orden para requerir la entrega del análisis químico al ICF, según lo solicitó el foro primario. Asimismo, esbozó que tanto los argumentos del Estado como las grabaciones de las vistas celebradas demuestran que el TPI no abusó de su discreción ni actuó bajo prejuicio o parcialidad alguna.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia

de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[16]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, supra; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo

---

[16] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

## B.

Tanto la Constitución del Estado Libre Asociado de Puerto Rico, en la Sección 11 del Artículo 2, como la Constitución de los Estados Unidos, en la Sexta Enmienda, protegen el derecho de los acusados en todo proceso criminal a tener un juicio rápido. Art. II, Sec. 11 Const. ELA [Const. PR], LPRA, Tomo 1; Emda. VI, Const. EE. UU., LPRA, Tomo 1. Siguiendo la normativa federal respecto a los términos de juicio rápido, en nuestra jurisdicción, la Regla 64(n) de Procedimiento Criminal, *supra*, R. 64, establece el alcance de este derecho en varias etapas del proceso penal entre el arresto y el juicio. Entre los fundamentos para desestimar las acusaciones o denuncias, dicho inciso de la Regla estatuye los plazos para celebrar vista preliminar a partir del arresto, para presentar la acusación,

para celebrar la vista de causa probable para arresto en alzada, para celebrar la vista preliminar en alzada y, más importante aún por su pertinencia, <u>para comenzar el juicio</u>. Concretamente, en lo pertinente al caso de autos, la Regla 64 prescribe:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
> [...]
> **(n)** Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> [...]
> **(4)** Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia. Regla 64 de Procedimiento Criminal, *supra*, R. 64.

Ahora bien, la referida Regla dispone varias instrucciones adicionales al momento de evaluar una desestimación bajo los fundamentos del inciso (n). Expresamente, la Regla prescribe:

> Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
> **(1)** Duración de la demora;
> **(2)** razones para la demora;
> **(3)** si la demora fue provocada por el acusado o expresamente consentida por éste;
> **(4)** si el Ministerio Público demostró la existencia de justa causa para la demora, y
> **(5)** Los perjuicios que la demora haya podido causar.

> Una vez celebrada la vista, el magistrado consignará <u>por escrito</u> los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación. Íd. (Subrayado nuestro)

Según ha reiterado nuestro Tribunal Supremo, el derecho a un juicio rápido requiere que se tomen en cuenta las circunstancias que rodean cada reclamo particular. ***Pueblo v. Santa Cruz,*** 149 DPR 223, 238 (2015). Es decir, la evaluación debe ser caso a caso. Íd.; ***Pueblo v. Rivera Colón,*** 119 DPR 315, 322 (1987). Es a base de esto que nuestro más alto foro validó el requisito de justa causa provisto por la Regla 64(n), *supra*, y, por ello, esbozó que los tribunales están obligados a examinar si existió justa causa para la

demora que llevó al reclamo del acusado o si la dilación se debió a la solicitud del acusado o a su consentimiento. Íd., págs. 238-239.

De este modo, ante un planteamiento de violación a los términos de juicio rápido bajo esta Regla, el peso de demostrar la causa justificada para la demora – así como la influencia del acusado sobre la dilación o su renuncia a su derecho – recaerá sobre el Ministerio Público. Íd., pág. 239. Por su parte, la evaluación por el Tribunal de qué constituye justa causa deberá hacerse caso a caso y a base de la totalidad de las circunstancias. Íd., pág. 240. Asimismo, lo hará desde la perspectiva de los factores antes discutidos y no por el rígido cálculo aritmético de días. ***Pueblo v. Rivera* Colón,** supra.

## IV.

En el caso de autos, el TPI emitió una *Sentencia* en la que desestimó las tres acusaciones promovidas por el Estado en contra del señor Pardo Ortiz por entender que se violó el término de juicio rápido establecido en la Regla 64(n)(4) de Procedimiento Criminal, *supra.* En la escueta determinación, el foro primario indicó que tomaba dicha determinación por los fundamentos aducidos en corte abierta durante la vista de juicio en su fondo llevada a cabo el 23 de octubre de 2023, la cual quedó plasmada en una *Minuta* transcrita ese mismo día, más no está firmada por la jueza que preside el caso.[17] De igual forma, las expresiones del Tribunal a estos efectos se pueden apreciar en la regrabación de dicha vista, la cual fue sometida por la parte peticionaria en el *Apéndice* de la petición de *Certiorari Criminal* de epígrafe. De ello surge que el Ministerio Público expresó que el análisis químico en cuestión fue recibido y luego entregado al señor Pardo Ortiz el 20 de octubre de 2023. Ante

---

[17] *Véase* Regla 32 (B) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32 (B); ***Pueblo v. Ríos Nieves,*** 209 DPR 264 (2022).

la dilación e incumplimiento con el término dispuesto para la culminación del descubrimiento de prueba en la Regla 95 de Procedimiento Criminal, *supra*, R. 95, el Estado manifestó, a preguntas del Tribunal, que no estaba en posición para informar justa causa para la demora y que desconocía la razón para ello. Por lo anterior, el TPI determinó convertir la vista en una vista evidenciaria para evaluar el incumplimiento a la luz de la Regla 64 de Procedimiento Criminal, *supra*. Adviértase que no se desfiló evidencia alguna en dicha vista y completada la misma, decretó que no había encontrado justa causa para la demora y ordenó la correspondiente desestimación, realizando la salvedad de que, por tratarse de un delito grave, el Ministerio Público podía volver a radicar las respectivas denuncias de cada delito desestimado.

En desacuerdo, el Pueblo de Puerto Rico instó el recurso de epígrafe en solicitud de la revocación de la *Sentencia*. Es su posición que el TPI debió consignar por escrito, en el dictamen, los fundamentos considerados para desestimar. En adición, sostuvo que el foro recurrido no sopesó todos los criterios dispuestos en la referida Regla, obviando el examen del posible perjuicio que la dilación le causó al acusado. A su entender, el señor Pardo Ortiz no demostró qué perjuicio enfrentaría ante la continuación de los procedimientos y, por consiguiente, el foro primario no analizó ese factor. Según planteó, esa omisión constituyó un error craso que debe provocar la revocación del dictamen desestimatorio.

En defensa de la *Sentencia* recurrida, el señor Pardo Ortiz argumentó, en esencia, que el TPI no erró al desestimar el caso, habiendo consignado por escrito, en una *Minuta*, los fundamentos para desestimar. Según esbozó, ese hecho implica que el caso no estaba huérfano de los criterios ponderados por el foro primario para desestimar el mismo. En adición, alegó que el Ministerio Público tampoco argumentó el incumplimiento en su solicitud de

reconsideración. Asimismo, respecto al factor de perjuicio al acusado, adujo que la falta de diligencia del Ministerio Público y el retraso en la celebración del juicio provocaron que el proceso se extendiera innecesariamente, prolongando la incertidumbre de una posible convicción, causándole ansiedad y preocupación al acusado y su familia. Sin embargo, según afirmó, el Estado no proveyó una justa razón para entregar el análisis químico de forma tardía, admitiendo que no tenía justificación, ni tomó medidas para ponerle fin a la demora, pudiendo someter el proyecto de orden al ICF que solicitó el TPI. Por último, arguyó que no procede expedir el auto solicitado, puesto que, según planteó, el recurso no cumple con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para la expedición del *certiorari*.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que debemos ejercer nuestra función revisora. Dos son las razones que motivan nuestra intervención. Veamos.

En primer lugar, la Regla 64(n) de Procedimiento Criminal, *supra*, es clara en cuanto al curso de acción que el foro primario debe seguir al desestimar una acusación bajo este inciso. Por un lado, el foro primario <u>tiene</u> que celebrar vista evidenciaria. Por el otro, debe <u>consignar por escrito</u> los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar si procede la reconsideración o revisión de la determinación. En otras palabras, su responsabilidad supera el requisito de manifestar por escrito las bases de su decisión y se extiende a hacerlo de una manera que permita que las partes puedan contemplar la posibilidad de recurrir de la decisión. En este caso, la escueta *Sentencia* emitida por el TPI no expresa los fundamentos de la determinación y, de esa forma, incumple con la referida Regla. Por el contrario, la decisión hace referencia a los

fundamentos aducidos en corte abierta, los cuales únicamente constan por escrito en una *Minuta* que <u>no</u> cuenta con la firma de la jueza a cargo del caso. Ese cuadro fáctico impide el entendimiento efectivo y objetivo de los criterios contemplados por el Tribunal para desestimar. De esta forma, dejó a las partes desprovistas de la oportunidad de solicitar efectivamente la reconsideración del dictamen. Lo anterior constituye un error craso que justifica la necesaria intervención correctora de esta Curia.

En segundo lugar y más importante aún, incluso tomando como válida la inclusión en la *Minuta* de los fundamentos ponderados para desestimar, del documento no se desprende que el TPI haya tomado en consideración la duración de la demora (que fue mínima) ni el perjuicio que la dilación le haya podido causar al acusado. Por un lado, la dilación en la entrega del análisis químico por el ICF provocó que el Ministerio Público lo entregara al recurrido tres días antes de la vista. Por el otro, tanto de la *Minuta* como de la regrabación de la vista, sometida por la parte peticionaria, surge que el recurrido no adujo qué perjuicio sufriría, si alguno, a causa de un señalamiento breve posterior para la celebración del juicio en su fondo. Más aún, carente dicha prueba y encontrándose el acusado en libertad bajo fianza, concluimos que el riesgo de perjuicio es mínimo.

Por lo anterior, corresponde expedir el auto solicitado y revocar la *Sentencia* recurrida. El foro primario incidió en los errores señalados.

**V.**

Por las razones expuestas, se *expide* el auto de *certiorari* y se revoca la *Sentencia* recurrida. En consecuencia, se devuelve el caso para la continuación de los procedimientos de conformidad con lo aquí resuelto, se deberá recalendarizar la celebración del juicio de forma inmediata.

Al amparo de la Regla 211 de Procedimiento Criminal, *supra*, R. 211, dejamos sin efecto la suspensión de los procedimientos que opera por virtud de expedir el auto de *certiorari*. El Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones