Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Procurador General nos solicita que revisemos la resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito de Ponce, en el caso de epígrafe. La misma ordenó el archivo de la denuncia presentada contra el imputado-recurrido, Euclides Rivera Meléndez, a tenor de la Regla 64 (n)(2) de las de Procedimiento Criminal, 34 L.P R.A. Ap. II, R. 64(n)(2), por una alegada violación a su derecho ajuicio rápido.
Considerado el recurso, emitimos resolución. Intimamos al acusado para que mostrara causa por la cual no deberíamos revocar la resolución recurrida a la luz de la jurisprudencia que establece que una persona no está sujeta a responder por un delito, (held to answer), hasta que no haya sido formalmente acusada por la comisión de un crimen; evento que entonces activa su derecho a juicio rápido. El Pueblo de Puerto Rico v. Carlos Miró González, 93 J.TS. 115. En atención a lo ordenado, el recurrido compareció. Su planteamiento no nos convence.
Los hechos relevantes que sirven de marco a la cuestión planteada, no están en controversia. El 17 de junio de 1996 se presentó denuncia por una infracción al Artículo 188(a) del Código Penal, 33 L.P R.A. sec 4306(a), contra el imputado-recurrido, Sr. Euclides Rivera Meléndez. En la vista de causa probable para el arresto, no hubo causa. El Ministerio Público solicitó vista en alzada, de conformidad con la Regla 6 (c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6 (c). El tribunal la señaló para el 14 de agosto de 1996. En esa fecha, el abogado de defensa indicó que no estaba preparado. La vista se pospuso y reseñaló para el 5 de septiembre siguiente.
El acusado ni su representación legal comparecieron a la vista del 5 de septiembre. Se señaló el caso nuevamente para el 9 del mismo mes. En esa ocasión tampoco se pudo celebrar la vista. La suspensión obedeció a que todos los asuntos ante los tribunales habían sido pospuestos por el paso del huracán Hortense. Hubo un nuevo señalamiento para el 31 de octubre. Ese día, el policía que recibió *1231 la querella del caso no compareció. La vista se volvió a suspender.
El 18 de noviembre de 1996, el tribunal recurrido ordenó el archivo de la denuncia de conformidad con la Regla 64(n)(2) de las de Procedimiento Criminal, supra. El foro recurrido se basó en que se le había violado al imputado su derecho a juicio rápido. No conforme con dicha decisión, el Ministerio Público acude ante este Foro mediante el recurso que nos ocupa.
La Constitución del Estado Libre Asociado de Puerto Rico en su Artículo II, Sección 11 reconoce que todo acusado le cobija el derecho a un juicio rápido y público. Ese derecho se ha reconocido que no sólo aplica a los acusados. La sociedad también tiene derecho a que no ocurran dilaciones innecesarias en los procesos criminales. Pueblo v. Rivera, 119 D.P.R. 315 (1987). Ahora bien, el derecho ajuicio rápido no cobra vigencia hasta que el imputado está sujeto a responder ("held, to answer"). En Pueblo v. Miró González, supra, el Tribunal Supremo resolvió que una persona está sujeta a responder cuando está obligada a contestar una denuncia o acusación o está expuesta a ser convicta. Ese proceso se inicia con la determinación de que existe causa probable para arrestar o citar a una persona para que responda ante los tribunales por la comisión de un delito. Una determinación judicial de que no hay causa probable para el arresto o citación de una persona, significa que esa persona no está sujeta a responder por- delito alguno, por lo que no puede cobrar vigencia su derecho a juicio rápido.
Una vez el imputado está sujeto a responder, el derecho ajuicio rápido aplica a todas las etapas del proceso criminal. Su incumplimiento no conlleva una aplicación rigurosa del principio. Ello se debe a que no se trata de un concepto absoluto. Tampoco de uno incompatible con cierta tardanza, siempre que ésta no sea intencional ni opresiva. Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986).
En los casos de vista preliminar en alzada, solicitada por el Ministerio Público con miras a lograr una determinación de causa probable para poder acusar al imputado luego que se determine inicialmente la inexistencia de esa causa probable, se ha establecido un término de sesenta días para celebrarla, a partir de la determinación de no causa probable en la vista preliminar inicial. Ese término, como antes dicho, no es inflexible. Es susceptible de ser ampliado dependiendo de las circunstancias que concurran. Cf., Pueblo v. Félix Avilés, 91 J.T.S. 50. Presentada la solicitud de vista preliminar para acusar en alzada, dentro del referido término de sesenta días y establecida la diligencia del fiscal para citar al imputado, si luego se determina que existe justa causa para no celebrarse la vista dentro de dicho término, no procede la desestimación, Pueblo v. González Rivera, 93 J.T.S. 7.
El caso de epígrafe trata de la etapa en el procedimiento criminal concerniente a la vista para determinar causa probable para el arresto. El foro recurrido no podía archivar el caso a base de la Regla 64(n)(2), aplicando el derecho a juicio rápido porque este derecho no se había activado. Para que el derecho a juicio rápido esté disponible, la normativa prevaleciente exige que el imputado tiene que estar sujeto a responder. En el caso de autos no lo estaba. El 17 de junio de 1996 se presentó denuncia en su contra. En la vista de determinación de causa probable para arresto no se determinó causa. Cuando se trata de una determinación de no causa probable para el arresto, ello significa que el imputado no está sujeto a responder por delito alguno. Por consiguiente, no cobra vigencia el derecho ajuicio rápido.
El acusado en su alegato no refuta el señalamiento de error que plantea el Procurador General en su petición de certiorari. Meramente articula otra controversia. Alega que el término de sesenta días para celebrar la vista en alzada cuando se trata de una determinación de no causa probable para acusar, debe aplicarse por analogía a la vista en alzada instada para revisar la determinación de no causa probable para arresto. No tiene razón.
La vista preliminar en alzada, cuando se insta para revisar una determinación de no causa para acusar, es una vista estatutaria, no constitucional. Por el contrario, la vista para determinar causa probable para el arresto, bajo la Regla 6 de Procedimiento Criminal, en cualquier etapa, tiene un entronque constitucional. En ausencia de una disposición específica que así lo contemple, no podemos aplicar, por analogía, los términos adoptados para un determinado tipo de vista, a otra de naturaleza, origen y principios diferentes, que conlleva unos efectos totalmente distintos.
*1232 Por otro lado, aun suponiendo que el término de sesenta días para celebrar la vista preliminar en alzada en los casos de determinación de causa probable para acusar, fuera por analogía aplicable a los casos cuando se acude en alzada para revisar una determinación de no causa probable para arresto, comoquiera, el imputado-recurrido no tiene razón. Ese término no es inexorable. Si el fiscal solicita la vista preliminar en alzada dentro de los sesenta días y luego hay justa causa para no celebrar la vista dentro de dicho término, no procede la desestimación del recurso en esa etapa de los procedimientos.
El Ministerio Público solicitó la vista para determinar causa probable para el arresto, en alzada. Fue señalada para el 14 de agosto. En esa fecha la vista se pospuso porque el representante legal del imputado no estaba preparado. Vemos como la primera dilación en la trayectoria procesal se debió a la solicitud del propio imputado. Se reseñaló la vista para el 5 de septiembre. Nuevamente se tuvo que suspender por la ausencia del imputado y de su abogado. Se reseñaló para el 9 de septiembre. En esa ocasión, la posposición se debió a fuerza mayor. En esos días nos azotó el huracán Hortense. En el próximo señalamiento fijado para el 31 de octubre, el policía que recibió la querella no compareció. Aunque de los autos no surgen las circunstancias exactas a los fines de determinar si existió justa causa para la suspensión, de todas formas el imputado no se opuso a la suspensión ni al señalamiento del 18 de noviembre.
La Regla 64 (n), supra, dispone que la acusación podrá ser desestimada, a no ser que se demuestre justa causa para la demora o ésta se deba a solicitud o consentimiento del acusado. Las primeras dos suspensiones se imputan al imputado-recurrido. La tercera, a un fenómeno atmosférico inevitable, lo cual constituye justa causa para esa suspensión. En relación con la cuarta suspensión, el récord no refleja que el imputado se opusiera a que la misma se decretara por las razones señaladas. Tampoco objetó la fecha fijada para la celebración de la vista. Es decir, aun bajo la posición más favorable posible al imputado, éste no tiene razón. La demora en celebrar la vista solicitada se debió a razones imputables al recurrido, o con su consentimiento. Actuó incorrectamente el tribunal de instancia al desestimar la denuncia ante su consideración. Debió informarse antes sobre la doctrina aplicable.
Por los fundamentos antes expuestos, se expide el auto de certiorari solicitado. Se revoca, por consiguiente, la decisión de instancia y se devuelve el caso para que se continúen con los procedimientos de forma consistente con lo aquí resuelto.
Lo acuerda el tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General ,