```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX
```

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>JEAN PIERRE LÓPEZ MORALES<br>WILLIAM OMAR MARCANO RODRÍGUEZ<br><br>Recurridos | KLCE202400115 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Crim. Núm.:<br><br>D SC2023G0058<br>D SC2023G0059<br>D SC2023G0062<br>D SC2023G0063<br><br>Sobre:<br><br>Infr. Art. 401 Ley 4<br>Infr. Art. 406 Ley 4<br><br>Infr. Art. 401 Ley 4<br>Infr. Art. 406 Ley 4 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Comparece ante nos, el Pueblo de Puerto Rico (el Pueblo o Peticionario) mediante el presente recurso de *Certiorari*. Solicita la revocación de la *Resolución* emitida el 13 de noviembre de 2023 y notificada el 30 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). A través del referido dictamen, el TPI desestimó las acusaciones contra Jean Pierre López Pomales y William Omar Marcado Rodríguez (Recurridos) al amparo de la Regla 64(n)(4) de Procedimiento Criminal, 24 LPRA Ap. II, R. 64(n).

Por las razones que exponemos a continuación, **expedimos el auto y revocamos** la *Resolución* recurrida. Veamos.

-I-

La controversia ante nos tiene su génesis el **4 de abril de 2023** con la presentación de sendas acusaciones

Número Identificador

SEN2024_____

por infracciones a los Artículos 401 y 406 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2101, *et seq.* (Ley Núm. 4-1971).[1]

El Pueblo anunció como testigo al Agente AE SJ-TF 2019-007, quien participó como Confidente 007 en las investigaciones que dieron lugar a los casos de epígrafe.[2] Ambos casos fueron consolidados por el tribunal al tratarse de delitos cometidos en concierto y común acuerdo.[3]

Posteriormente, el Pueblo envió copia de una declaración jurada suscrita por el Confidente 007, informando que no comparecería a los procedimientos de este caso, a la representación legal de los Recurridos.[4]

Según los Recurridos, la declaración jurada podría dar base a una defensa de entrampamiento por lo que su representación legal solicitó al Pueblo que le hicieran disponible al Confidente 007 para poder entrevistarlo.[5] Sin embargo, el Peticionario no logró que el Confidente 007 fuera a ninguna vista ni entrevista relacionada al caso.

El 13 de noviembre de 2023, el Pueblo compareció al juicio junto a los siguientes testigos: Agte. AE 11-6SSF-058; Agte. Efraín Peña Santana; Agte. Sergio Rivas Rivera; Agte. Levit Bauta Pizarro y Agte. Rosana Carrasquillo Pérez.[6] El Confidente 007 y los demás testigos de cargo no comparecieron.

---

[1] Apéndice del Recurso, págs. 57-64.
[2] Íd.
[3] Íd., págs. 33-34.
[4] Íd., págs. 51-53.
[5] Íd., pág. 43.
[6] Apéndice del Recurso, pág. 32.

Así las cosas, los Recurridos expresaron que no estaban preparados porque el Pueblo no le había puesto a su disposición al Confidente 007 para entrevistarlo. El Peticionario, por medio del testimonio del agente Peña Santana, informó al Tribunal que al Confidente 007 le han hecho varias amenazas a su vida y a la de su familia, particularmente de su hija menor. Añadió, además, que recientemente mataron a su hermano y a su padre.[7]

El Pueblo pidió el auxilio del Tribunal para que citara al Confidente 007 durante la vista, pero la defensa argumentó que era muy tarde y solicitó la desestimación de las acusaciones al amparo de la Regla 64(n)(4).

En respuesta, el Pueblo sostuvo que se encontraba listo para iniciar el juicio con los testigos que comparecieron en ese momento. En la vista, el TPI aplicó la presunción de evidencia voluntariamente suprimida, ante la ausencia del Confidente 007. Los Recurridos se opusieron al sostener que esta presunción no remediaría el hecho de que no se pudo entrevistar al Confidente 007.

Posteriormente, el TPI emitió una *Resolución* el 3 de noviembre de 2023, notificada el 30 de agosto de 2023.[8] Mediante esta, el foro primario desestimó las acusaciones contra los señores López Pomales y Marcano Rodríguez, bajo las disposiciones de la Regla 64(n)(4).

Insatisfecho, el 14 de diciembre de 2023, el Ministerio Público presentó una *Moción Solicitando Reconsideración.*[9] Sin embargo, el TPI denegó la referida

---

[7] Íd.
[8] Íd., págs. 16-19.
[9] Apéndice del Recurso, págs. 3-15.

moción mediante *Resolución* emitida el 21 de diciembre de 2023 y notificada el 27 de diciembre de 2023.[10]

Aún inconforme con dicha determinación, el **26 de enero de 2024**, el Peticionario compareció ante esta Curia y expuso los siguientes señalamientos de error:

El Tribunal de Primera Instancia erró al ignorar el precedente establecido en *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009) y, en consecuencia, interferir indebidamente con la potestad del Ministerio Público de acusar y procesar a un acusado con la cantidad de prueba y/o testigos que entienda. Esto, en contravención a los principios más básicos de separación de poderes.

El Tribunal de Primera Instancia erró al actuar en contra de lo dispuesto en la Regla 64(n) de Procedimiento Criminal al no consignar por escrito los fundamentos de su determinación de desestimar las acusaciones de lo recurridos.

Por su parte, el 12 de febrero de 2024, los Recurridos presentaron su *Oposición a Certiorari.*

Resumidos los hechos que originan la presente controversia, examinemos el derecho aplicable.

**-II-**

**-A-**

El recurso de *certiorari* es el mecanismo procesal idóneo para que una parte afectada por una resolución u orden interlocutoria emitida por el foro primario, pueda acudir en alzada ante el Tribunal de Apelaciones, y así revisar tal dictamen. En un asunto de naturaleza penal, para que el recurso de *certiorari* pueda ser expedido, procede realizar un examen caracterizado por la facultad discrecional otorgada a este Tribunal Apelativo para

---

[10] Íd., págs. 1-2.

autorizar su expedición y adjudicar sus méritos. En aras de que podamos ejercer nuestra facultad revisora de manera oportuna y adecuada, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, enumera los criterios que permiten tal proceder, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012). En particular, esta Regla dispone que:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

Conforme a nuestro sistema republicano de gobierno, la separación de poderes está consagrada en nuestro ordenamiento constitucional, y por virtud del cual, una rama de gobierno no debe usurpar las funciones de otra. *Véase Pueblo v. Rivera Santiago*, 176 DPR 559, 577 (2009).

A tenor con lo anterior, la rama ejecutiva tiene el deber de implementar las leyes penales, a través del Departamento de Justicia y sus fiscales. *Íd.*, págs. 577-578. A esos fines, "[e]stos funcionarios poseen *amplia discreción* en el descargo de sus funciones". *Íd.*, pág. 578 (Énfasis en el original) (Citas omitidas). Evidentemente, "dicha discreción no es absoluta, sino que está limitada por consideraciones de índole constitucional y la política pública". *Íd.* (Citas omitidas). Conforme a lo antes esbozado,

> *el Estado es quien decide si puede probar su caso con la evidencia que posee. En ese sentido, el Ministerio Público tiene la potestad de procesar al acusado, indistintamente de la cantidad de prueba que finalmente decida ofrecer, si entiende que puede prevalecer.* *Íd.*, pág. 579 (Escolio omitido) (Énfasis suplido).

Como corolario de ello, en *Pueblo v. Rivera Santiago,* nuestro Tribunal Supremo atendió específicamente la siguiente controversia:

> [S]i procede la desestimación de una causa criminal por violación al derecho a juicio rápido, al amparo de la Regla 64(n)(4) de Procedimiento Criminal, *supra*, cuando el Ministerio Público exterioriza su disponibilidad de comenzar el juicio con aquellos testigos que estuviesen disponibles el último día de los términos. *Íd.*, pág. 568.

En esa ocasión, nuestro más Alto Foro consideró que el acusado consintió a la fecha de comienzo de juicio, por lo cual no concurría una demora que afectara el derecho a juicio rápido. *Íd.*, págs. 581-582. De igual forma dispuso que

> la determinación del foro de instancia, confirmada por el foro intermedio, interfirió indebidamente con la discreción del Ministerio Público de acusar y procesar al acusado. Es decir, se afectó la facultad del Ministerio Público de presentar la prueba (testigos) que deseaba utilizar, con independencia de la cantidad. Al así actuar, no se guardó deferencia alguna a la potestad ejecutiva de

acusar y procesar a quien infringe la ley. *Íd.*, pág. 582.

**-C-**

Tanto la Constitución del Estado Libre Asociado de Puerto Rico, en la Sección 11 del Artículo 2, como la Constitución de los Estados Unidos, en la Sexta Enmienda, protegen el derecho de los acusados en todo proceso criminal a tener un juicio rápido. Art. II, Sec. 11 Const. ELA [Const. PR], LPRA, Tomo 1; Emda. VI, Const. EE. UU., LPRA, Tomo 1. Siguiendo la normativa federal respecto a los términos de juicio rápido, en nuestra jurisdicción, la Regla 64(n) de Procedimiento Criminal, *supra*, establece el alcance de este derecho en varias etapas del proceso penal entre el arresto y el juicio. Entre los fundamentos para desestimar las acusaciones o denuncias, dicho inciso de la Regla estatuye los plazos para celebrar vista preliminar a partir del arresto, para presentar la acusación, para celebrar la vista de causa probable para arresto en alzada, para celebrar la vista preliminar en alzada y, más importante aún por su pertinencia, para comenzar el juicio. Concretamente, en lo pertinente al caso de autos, la Regla 64 prescribe:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>> […]
>> **(n)** Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>>> […]
>>> **(4)** Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.

Regla 64 de Procedimiento Criminal, *supra*, R. 64.

Ahora bien, la referida Regla dispone varias instrucciones adicionales al momento de evaluar una desestimación bajo los fundamentos del inciso (n). Expresamente, la Regla prescribe:

> Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
> **(1)** Duración de la demora;
> **(2)** razones para la demora;
> **(3)** si la demora fue provocada por el acusado o expresamente consentida por éste;
> **(4)** si el Ministerio Público demostró la existencia de justa causa para la demora, y
> **(5)** Los perjuicios que la demora haya podido causar.
>
> Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

Íd. (Subrayado nuestro).

Según ha reiterado nuestro Tribunal Supremo, el derecho a un juicio rápido requiere que se tomen en cuenta las circunstancias que rodean cada reclamo particular. *Pueblo v. Santa Cruz, 149* DPR 223, 238 (2015). Es decir, la evaluación debe ser caso a caso. Íd.; *Pueblo v. Rivera Colón,* 119 DPR 315, 322 (1987). Es a base de esto que nuestro más alto foro validó el requisito de justa causa provisto por la Regla 64(n), *supra,* y, por ello, esbozó que los tribunales están obligados a examinar si existió justa causa para la demora que llevó al reclamo del acusado o si la dilación se debió a la solicitud del acusado o a su consentimiento. Íd., págs. 238-239.

De este modo, ante un planteamiento de violación a los términos de juicio rápido bajo esta Regla, el peso de demostrar la causa justificada para la demora – así como la influencia del acusado sobre la dilación o su renuncia a su derecho – recaerá sobre el Ministerio Público. Íd., pág. 239. Por su parte, la evaluación por el Tribunal de qué constituye justa causa deberá hacerse caso a caso y a base de la totalidad de las circunstancias. Íd., pág. 240. *Asimismo, lo hará desde la perspectiva de los factores antes discutidos y no por el rígido cálculo aritmético de días. Pueblo v. Rivera Colón, supra.*

**-III-**

El Pueblo presenta, como primer error, que el TPI interfirió indebidamente con la potestad del Ministerio Público de acusar y procesar a un acusado con la cantidad de prueba y/o testigos que entienda. Esto, en contravención a los principios más básicos de separación de poderes.

Según esbozado, el Estado es quien decide si puede probar su caso con la evidencia que posee. Es decir, el Ministerio Público tiene la potestad de procesar al acusado si entiende que puede prevalecer. *Pueblo v. Rivera Santiago*, *supra*, pág. 579. Nuestro Tribunal Supremo consideró que no se guardó deferencia alguna a la potestad ejecutiva de acusar y procesar a quien infringe la ley. *Íd.,* pág. 582.

Surge del expediente que el Pueblo afirmó estar preparado para comenzar el juicio y tenía cinco agentes como prueba de cargo. También expresó que el testimonio de los testigos que comparecieron a la vista subsanaría lo que el Confidente 007 iba a declarar. Además, aceptó

que se aplicara la presunción de que evidencia voluntariamente suprimida resultaría adversa de ofrecerse ante la ausencia del Confidente 007.

Aun así, el foro primario optó por convertir la vista en una para mostrar causa por la cual no debía desestimar las acusaciones. El Pueblo se opuso, ya que ese era el último día del término extendido para la celebración del juicio y se encontraba preparado para comenzar. Ciertamente incidió el TPI.

Como segundo y último planteamiento de error, el Peticionario alega que el TPI erró al actuar en contra de lo dispuesto en la Regla 64(n) de Procedimiento Criminal, *supra*, y no consignar por escrito los fundamentos de su determinación de desestimar las acusaciones de lo recurridos. Al Pueblo le asiste la razón.

En el caso de autos, el TPI emitió una *Sentencia* en la que desestimó las acusaciones promovidas por el Estado en contra de los señores López Pomales y Marcano Rodríguez, por entender que se violó el término de juicio rápido establecido en la Regla 64(n)(4) de Procedimiento Criminal, *supra*. En la escueta determinación, el foro primario indicó que tomaba dicha determinación por los fundamentos aducidos en corte abierta durante la vista evidenciaria llevada a cabo el 13 de noviembre de 2023, la cual quedó plasmada en una *Minuta* transcrita el 28 de noviembre de 2023. Adviértase que no se desfiló evidencia alguna en dicha vista y completada la misma, ordenó la correspondiente desestimación, realizando la salvedad de que, el Peticionario podía volver a radicar los cargos.

En desacuerdo, el Pueblo instó el recurso de epígrafe en solicitud de la revocación de la *Sentencia*. Es su posición que el TPI debió consignar por escrito, en el dictamen, los fundamentos considerados para desestimar.

En defensa de la *Sentencia* recurrida, los señores López Pomales y Marcano Rodríguez argumentaron, en esencia, que el TPI no erró al desestimar el caso, habiendo consignado por escrito, en una *Minuta*, los fundamentos para desestimar. Según esbozó, ese hecho implica que el caso no estaba huérfano de los criterios ponderados por el foro primario para desestimar el mismo.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que debemos ejercer nuestra función revisora. Veamos.

En primer lugar, la Regla 64(n) de Procedimiento Criminal, *supra*, es clara en cuanto al curso de acción que el foro primario debe seguir al desestimar una acusación bajo este inciso. Por un lado, el foro primario <u>tiene</u> que celebrar vista evidenciaria. Por el otro, debe <u>consignar por escrito</u> los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar si procede la reconsideración o revisión de la determinación. En otras palabras, su responsabilidad supera el requisito de manifestar por escrito las bases de su decisión y se extiende a hacerlo de una manera que permita que las partes puedan contemplar la posibilidad de recurrir de la decisión. En este caso, la escueta *Sentencia* emitida por el TPI no expresa los fundamentos de la determinación

y, de esa forma, incumple con la referida Regla. Por el contrario, la decisión hace referencia a los fundamentos aducidos en corte abierta, los cuales únicamente constan por escrito en una *Minuta*. Ese cuadro fáctico impide el entendimiento efectivo y objetivo de los criterios contemplados por el Tribunal para desestimar. De esta forma, dejó a las partes desprovistas de la oportunidad de solicitar efectivamente la reconsideración del dictamen. Lo anterior constituye un error craso que justifica la necesaria intervención correctora de esta Curia.

Por lo anterior, corresponde expedir el auto solicitado y revocar la *Sentencia* recurrida. El foro primario incidió en los errores señalados.

**-IV-**

Por todo lo antes expuesto, se expide el auto de *certiorari* y se revoca la *Resolución* emitida por el TPI mediante la cual el foro primario desestimó las acusaciones contra los señores López Pomales y Marcano Rodríguez, bajo las disposiciones de la Regla 64(n)(4).

Se devuelve el caso al foro recurrido la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*